*In re* LACKEY.

I.   The law does not authorize a justice of the peace to commit a defendant for the non-payment of costs, which are no part of the fine imposed as a penalty for his offense.

2.   A justice in a criminal trial for a misdemeanor imposed a fine of $10, and $54.60 costs, and entered judgment that the defendant stand committed until the fine and costs should be paid. *Held*, that so much of the judgment as provided that the defendant stand committed until the costs should be paid was unauthorized, and that, after five days' imprisonment, the defendant was entitled to be discharged.

(Syllabus by the court.   Opinion filed Feb. 9, 1895.)

Application original in this court for a writ of *habeas corpus*. Denied.

The facts are stated in the opinion.

*H. E. Dewey* for petitioner.

No brief filed.

PER CURIAM.   This is an application to this court for a writ of *habeas corpus*.   It appears from the petition that the petitioner was convicted in a justice's court of Lawrence county of a misdemeanor, and adjudged to pay a fine of $10 and costs, taxed at $54.60, and that, in default of payment of said fine and costs, it was further adjudged that he be imprisoned in the county jail of said Lawrence county, for the term of 32 days; that more than 5 days, the limit of time for the fine of $10, have elapsed since his said imprisonment; that he is now held in custody for the costs adjuged against him; and that the sheriff of said Lawrence county asserts the right to hold him for the balance of the period of 32 days, unless said costs are paid.   We are of the opinion that the judgment for costs and the imprisonment of petitioner for the same are clearly unauthorized, and that the petitioner is therefore entitled to the writ.   The Justices' Code very clearly defines the judgment that may be rendered in a justice's court in a criminal action.   Sections 6167, 6168,

Comp. Laws, provide as follows: "When the defendant pleads guilty, or is convicted, either by the court or by a jury, the court must render judgment thereon, of fine or imprisonment, or both, as the case may be." "A judgment that the defendant pay a fine may also direct that he be imprisoned until the fine is satisfied, in the proportion of one day's imprisonment for every two dollars of the fine." It will be observed that the judgment may be of a fine or imprisonment, or both, and that a defendant may be imprisoned for the fine, but that no costs are provided for. Section 6173 provides as follows: "When a judgment is entered imposing a fine, or ordering the defendant to be imprisioned until the fine is paid, he must be held in custody during the time specified in the judgment, unless the fine is sooner paid." It will also be noted that no costs are mentioned in this section. But section 6174 provides the manner in which the costs of the prosecution may be taken out of the fine if the same is paid. That section reads as follows: "Upon payment of the fine to the justice, the officer must discharge the defendant, if he is not detained for any other legal cause, and apply the money to the payment of the expenses of the prosecution, and pay over the residue, if any within ten days, to the county treasurer, which shall be placed in and become a part of the general county fund. If a fine is imposed and paid before commitment, it must be applied as prescribed in this section." It will thus be seen that there is no express provision in the justices' criminal practice act authorizing a judgment that the defendant be imprisoned until the costs are paid.

The theory evidently, upon which it is sought to hold the petitioner, is that section 6985, Comp. Laws, being a section of the Penal Code, justified the justice's court in adding the taxable costs to the imposed fine, and committing the defendant to imprisonment for non-payment of such costs. That section simply provides that in all cases of conviction the costs of the prosecution shall be taxed against the defendant, and enforced as other judgments in criminal actions. We are of the opinion

that this section, if applicable at all to proceedings in justice's court, does not authorize such court to commit a defendant for the non-payment of the costs taxed against him, and which are no part of the fine imposed as a punishment for his offense.

But notwithstanding the petitioner is entitled to the writ, in view of the fact that he is held at so great distance from the capital (the seat of this court), by the usually traveled route, we shall assume that the circuit judge of the Eight judicial circuit, upon being informed of the opinion of this court, will, upon a proper petition, issue the writ, and thus save the petitioner the expense that would be necessarily incurred by him in order to be brought before this court. To enable the petitioner to make such application, the petition in this court will be temporarily denied, for the purpose of allowing the petitioner to make such application to the circuit judge of the Eight judicial circuit.