ELMER COLLINS v. STATE.

No. A-8935. March 6, 1936.
(55 Pac. [2d] 790.)

C. E. Corbett, for plaintiff in error.

The Attorney General and A. Camp Bonds, Co. Atty., and J. F. Beavers, Asst. Co. Atty., for the State.

EDWARDS, P. J. Plaintiff in error, hereinafter called defendant, was convicted in the district court of Muskogee county of an attempted rape in the first degree and was sentenced to serve a term of 37 years in the state penitentiary.

The record is that defendant, a negro, at the time charged, attempted to rape a young white woman school teacher whom he accosted on the highway. He robbed her of her purse, then dragged her under a wire fence into the underbrush and made a vicious assault, in which he tore off most of her clothing and threatened her with a knife. It was by the utmost resistance and by her screams that she prevented an accomplishment of the attempted rape. Defendant fled the state and was gone for some time, but was later apprehended in Texas and returned here. There appears no question as to the sufficiency of the identification of defendant as the person committing the offense and of his guilt. In his oral argument before the court, defendant's counsel did not ask a reversal, but urged a modification by reduction in punishment.

It is argued the instruction of the court advising the jury the punishment for an attempted rape is erroneous. Defendant insists the punishment should be assessed under the provisions of section 1869, Okla. Stat. 1931, which fixes the maximum punishment for an assault to commit a felony at imprisonment for five years in the state penitentiary. The state contends that the crime charged is not an assault with intent, but an attempt, and that the punishment is fixed by section 1822, subd. 1, Okla. Stat. 1931. This latter section in part provides:

"Every person who attempts to commit any crime, and in such attempt does any act toward the commission of such crime, but fails, or is prevented or intercepted in the perpetration thereof, is punishable, where no provision is made by law for the punishment of such attempt, as follows:

"If the offense so attempted be punishable by imprisonment in the penitentiary for four years or, more, or by imprisonment in a county jail, the person guilty of such attempt is punishable by imprisonment in the penitentiary, or in a county jail, as the case may be, for a term not exceeding one-half the longest term of imprisonment prescribed upon a conviction for the offense so attempted."

The charge is an attempt to commit a rape in the first degree by the use of force and violence. Rape in the first degree is punishable by death or imprisonment in the state penitentiary for any term not less than fifteen years. Section 2519, Okla. Stat. 1931. Rape in the first degree is looked upon with such abhorrence, particularly is this true where the crime crosses the race or color line, it is classed a capital crime.

No maximum imprisonment is provided, so it follows that one-half the maximum punishment is indefinite. This presents a question of some difficulty. The California

Supreme Court, in People v. Gardner, 98 Cal. 127, 32 Pac. 880, 881, under a similar state of facts, held in syllabus 4:

"Under Pen. Code, §§ 264, 671, rape may be punished by life imprisonment, or by not less than five years; and section 664 provides that an attempt to commit an offense may be punished by imprisonment not exceeding one half of the longest term of imprisonment prescribed upon a conviction of the offense. Held, that punishment for attempt to rape by imprisonment for five years cannot be objected to on the ground that the term of half a life cannot be calculated, and that the statute therefore prescribes no punishment for attempt to rape."

Garoutte, J., said:

"It is now insisted that a judgment of life imprisonment is a longer term of imprisonment than one for any stated number of years, and, the statute providing that the judgment upon the defendant should be for a term of years not exceeding one half the longest term prescribed upon a conviction for rape, it follows that the judgment should be for a term of years not exceeding one half of the defendant's life; and, such a term of years being impossible of calculation, the statute is meaningless, and consequently no penalty for this offense is found in the law. This reasoning is ingenious; but not sound. If the statute only allowed a judgment of imprisonment for a term of years not less than five upon a conviction of rape, then the judgment in this case would be strictly within the law, for it would declare a term of imprisonment not exceeding one half the longest term that the court would have the power to impose. Again, if it be conceded that any term, no matter how long, would be a longer term of imprisonment than a judgment of imprisonment for life, then the judgment under investigation comes strictly within the law."

In People v. Burns, 138 Cal. 159, 69 Pac. 16, 17, 70 Pac. 1087, 60 L. R. A. 270, the same statute was again before the court in a conviction for rape and the opinion

is also by Garoutte, J.; the case was reversed on the theory the punishment was too uncertain; the court distinguished it from the Gardner Case, supra, saying:

"The case of People v. Gardner, supra, is not authority for the prosecution in this case, for in that case a judgment of life imprisonment, in terms, for the crime of rape, was not the only penalty that could have been adjudged against the defendant. Here it is conceded to be to the contrary."

In State v. Stone, 40 Mont. 88, 105 Pac. 89, 90, the defendant was convicted of an attempt to commit the infamous crime against nature, the minimum punishment for which was five years, with no maximum. Defendant was sentenced to a term of 15 years. The contention was made that the statute was void for the reason the statute was too indefinite and uncertain. In disposing of the question the court said:

"We recur, then, to the question whether the sentence imposed upon the defendant can be sustained under the provisions of sections 8895 and 8902, supra. The penalty for the infamous crime against nature cannot be less than 5 years, and may extend during life. For an attempt to commit the crime the penalty cannot be less than 2½ years, and may be extended during one-half of life. Now, the period of a lifetime is indefinite and indeterminable. It is impossible therefore for a court to ascertain the extent of one-half of a life-time. Every sentence, however, is indefinite and indeterminable, and therefore may be for life, in the sense that it may be ended by the death of the prisoner before its expiration. While the court could not definitely ascertain the extent of one-half of a life sentence, it could say, as it did impliedly in this case, that the longest term for which the defendant should have been sentenced upon a conviction of the infamous crime against nature should be 30 years, and fix the term upon conviction for the attempt at 15 years, or one-half of that time. People v. Gardner, 98 Cal. 127, 32 Pac. 880; People

v. Burns, 138 Cal. 159, 69 Pac. 16, 70 Pac. 1087, 60 L. R. A. 270; In re De Camp, 15 Utah, 158, 49 Pac. 823. The provisions of the statute are confusing and not free from difficulty, when it comes to apply them, yet we do not think them entirely abortive."

See, also, People v. Stouter, 142 Cal. 146, 75 Pac. 780.

Under our statutes the minimum punishment for rape in the first degree is not less than 15 years with no maximum. The statute provides that the punishment for attempt should not exceed one-half the longest term of imprisonment. Section 1822, supra. It is evident that for a conviction for first degree rape the punishment might have been assessed at as much as 74 years in the state penitentiary and the punishment assessed for the attempted rape, of 37 years, does not exceed one-half of what might have been assessed under the statute. It is therefore valid.

Next it is urged that even if the court should uphold the conviction, the punishment assessed is excessive and that this court in the furtherance of justice should modify the judgment by reducing the sentence. As above stated, the attempted rape in this case was so vicious and the margin of escape of the victim so narrow, we cannot say that justice requires a reduction of the judgment.

The case is affirmed.

DAVENPORT and DOYLE, JJ., concur.