[Crim. No. 1977.   Third Dist.   Sept. 19, 1946.]

In re ROBERT E. WILLIAMS, on Habeas Corpus.

A. M. Mull, Jr., for Petitioner.

Robert W. Kenny, Attorney General, James O. Reavis, Deputy Attorney General, and Jerome B. Kavanaugh, District Attorney, for Respondent.

THOMPSON, J.—By means of a writ of habeas corpus the petitioner seeks to procure his release from state prison. By an information filed in San Bernardino County he was charged, under section 4532 of the Penal Code, with escaping from the custody of the sheriff and with two prior convictions of other offenses. He pleaded guilty of the principal felony and admitted the prior offenses as charged in the information. The court found him guilty of the crime of escaping from the officer and guilty of two prior felonies. January 3, 1945, he was sentenced to San Quentin State Prison for the term prescribed by law. No appeal was taken from that judgment.

It is contended that the petitioner was wrongfully determined to be an habitual criminal as provided by section 644 of the Penal Code, for the reason that one alleged prior offense of conviction of ''auto theft'' in Oklahoma in 1923, without proof of the value of the automobile, was not then a felony under the statutes of California, and it was therefore wrong-

fully considered in determining that he is an habitual criminal. The petition further asserts that "It was stated and understood that he [the defendant] would not be adjudged an habitual criminal if he did so plead," and that the court abused its discretion in not permitting the defendant to withdraw his plea of guilty and enter a plea of not guilty of the principal offense charged. The answer to the petition for a writ of habeas corpus specifically denies that it was "stated or understood" that the defendant would not be adjudged to be an habitual criminal. It does not appear when the application to change defendant's plea was made. No evidence of any showing upon that application in the trial court appears in the record. No evidence was adduced at the hearing in this court upon that issue. That point was not even urged by the petitioner in this court or in his points and authorities filed with the petition.

The court did not err in denying defendant's motion to change his plea of guilty to that of not guilty. The petitioner does not now, and never did contend that he was not guilty of the principal offense of feloniously escaping from the custody of the Sheriff of San Bernardino County. In the absence of evidence to the contrary we must assume that no evidence was adduced in the trial court upon that application for change of plea. Having failed to offer proof in this court in support of that allegation of the petition, and having failed to mention that issue in his points and authorities filed in this court, or upon the oral argument, we must assume that petitioner abandoned that issue. The authorities are uniform to the effect that the trial court has a sound discretion, under section 1018 of the Penal Code, to grant or deny defendant's motion to withdraw his plea of guilty and to substitute therefor a plea of not guilty, even before judgment is pronounced. The ruling of the court thereon will be sustained unless an abuse of discretion is clearly shown. (*People* v. *Smink,* 105 Cal.App. 784, 792 [288 P. 873] ; 7 Cal.Jur. § 135, p. 1000.) In the present case it does not appear whether the motion to change the plea was made before or after the judgment was pronounced. No evidence of any showing of cause for granting the motion appears. That issue was abandoned on this hearing. We must assume that the court did not abuse its discretion in that regard. (*People* v. *Bauman,* 39 Cal.App.2d 587 [103 P.2d 1020].)

The defendant's plea of guilty of the two prior offenses

as charged in the information does not furnish proof that he is an habitual criminal under section 644 of the Penal Code, since one of them merely charged that he was convicted of "the crime of auto theft" in Oklahoma on May 8, 1923, and that he served a term of imprisonment therefor in the state prison. The other charge of conviction of the felony of burglary in 1930 does come within the provisions of section 644, and may be properly considered in determining whether the accused person is an habitual criminal. But the charge and proof of conviction of one prior felony mentioned in that section does not warrant the determination that he is an habitual criminal.

The petitioner admitted that he was convicted of "auto theft" in Oklahoma, in 1923, but that offense did not then constitute grand theft in the State of California. There was no proof of the value of that automobile. The record of the Oklahoma court fails to show the value of the automobile stolen. It merely states that defendant was found "guilty of the crime of larceny of automobile." In 1923, larceny of an automobile, without proof that it was of a value in excess of $50, did not constitute grand theft in California. To constitute grand larceny it was then necessary in California to prove that the property exceeded the value of $50. (Stats. 1923, ch. 129, p. 271.) It was not until 1927 that, by an amendment to section 487 of the Penal Code, California made the theft of an automobile, regardless of its value, grand theft. (Stats. 1927, ch. 619, p. 1047.) Since the theft of an automobile in Oklahoma in 1923 was not punishable, in the absence of proof of its value, by the statutes of California by imprisonment in the state prison, that conviction could not lawfully be considered in determining that the petitioner is an habitual criminal under section 644 of the Penal Code. (*In re Taylor,* 64 Cal.App.2d 47 [148 P.2d 143]; *People* v. *d'A Philippo,* 220 Cal. 620, 624 [32 P.2d 962].) Section 668 of the Penal Code provides in that regard that:

"Every person who has been convicted in any other state, government, or country, of an offense which, if committed within this state, would be punishable by the laws of this state by imprisonment in the state prison, is punishable for any subsequent crime committed within this state in the manner prescribed in sections 644, 666 and 667, and to the same extent as if such prior conviction had taken place in a court of this state."

Petit larceny is not included in section 644 of the Penal Code as a basis upon which to determine that one who has been subsequently convicted of a felony in this state is an habitual criminal.

We conclude that the petitioner was wrongfully determined to be an habitual criminal under the circumstances of this case.

■ The judgment of conviction of the principal offense of escaping from an officer, and of one prior conviction of the felony of burglary committed in Missouri in 1930, are nevertheless valid. The minimum term of sentence for the felony of escaping from an officer, together with that valid conviction of one former felony, is five years imprisonment in state prison. (Pen. Code, § 3024(c).) The prisoner was sentenced January 3, 1945, for the term prescribed by law. In effect he was sentenced for the maximum term prescribed by law, subject to the shortening of that term, by the prison board, as provided by statute. (*People* v. *Ralph,* 24 Cal.2d 575 [150 P.2d 401] ; *In re Lee,* 177 Cal. 690 [171 P. 958].) He has not served even the minimum term for the valid portion of his sentence. He is therefore not illegally restrained of his liberty, and is not entitled to be discharged.

■ The erroneous determination that the defendant is an habitual criminal merely had the effect of extending unduly the term of imprisonment prescribed by law. Since the court had jurisdiction of the principal offense with which the defendant was charged, the judgment of conviction is valid with respect to that crime, and as to the prior conviction of burglary in Missouri. (13 Cal.Jur. § 22, p. 243 ; 25 Am.Jur. § 59, p. 188.) In the present case the court merely erroneously found that the defendant was previously convicted of a felony in Oklahoma which, it is inferred, the Adult Authority would be authorized to take into consideration in fixing his term of imprisonment. Numerous California cases hold that when the trial court has jurisdiction of the offense with which the accused person is charged, and it has merely erroneously determined an excessive penalty, the sentence is valid as to the term prescribed by law and invalid only as to the excess term determined. (*In re Morck,* 180 Cal. 384 [181 P. 657] ; *People* v. *McVicker,* 37 Cal.App.2d 470 [99 P.2d 1110] ; *In re Goetz,* 46 Cal.App.2d 848 [117 P.2d 47] ; 76 A.L.R. 476, note.)

It follows that the only portion of the judgment in this case which is invalid is the determination that the petitioner is an habitual criminal. That portion of the judgment is annulled.

The balance of the judgment is valid. The Adult Authority is therefore directed to disregard the determination that petitioner is an habitual criminal, and to fix his term of imprisonment based upon his conviction of the crime of escaping from the officer, together with the one prior felony of burglary committed in Missouri.

The prisoner is remanded.

Adams, P. J., and Peek, J., concurred.