## Ex parte ELMER COLLINS.

No. A-10815.    Jan. 15, 1947.

(176 P. 2d 507.)

Elmer Collins, pro se.

Mac Q. Williamson, Atty, Gen., for respondent.

JONES, J.  This is an original proceeding in habeas corpus wherein the petitioner, Elmer Collins, seeks to secure his release from confinement in the State Penitentiary at McAlester.

The Attorney General has filed a demurrer to the petition calling our attention to the fact that in the cases of Ex parte Collins, 76 Okla. Cr. 163, 135 P. 2d 61, Collins v. State, 59 Okla. Cr. 18, 55 P. 2d 790, and Ex parte Collins, 79 Okla. Cr. 193, 153 P. 2d 243, the exact contention now

presented by petitioner was in each of these cases considered and decided adversely to petitioner.

Attached to the verified petition is a photostatic copy of the judgment and sentence pronounced against the defendant wherein the judgment erroneously recites that the jury found defendant guilty of "assault with intent to rape" and fixed his punishment at imprisonment in the State Penitentiary for 37 years. Of course, if the defendant has been found guilty of assault with intent to commit rape, the maximum punishment that could have been assessed would have been five years imprisonment in the State Penitentiary. 21 O. S. 1941 § 681.

However, as shown by the record of the appealed case, Collins v. State, supra, the defendant was charged by information filed in the district court of Muskogee county of attempted rape in the first degree by the use of force and violence. The trial court instructed the jury that if they should find the defendant guilty of attempted rape as charged in the information, they should fix his punishment at any term in the State Penitentiary not exceeding one-half of the longest term of imprisonment fixed for the crime of rape in the first degree. The jury was further advised that rape in the first degree is punishable by death or imprisonment in the State Penitentiary for any term not less than 15 years.

In Collins v. State, supra, the question of the amount of punishment that could be assessed the defendant under the verdict of the jury was discussed at length. The facts of the case showed an extremely aggravated assault by the defendant, a negro, upon a young white woman school teacher.

The commitment in the hands of the warden of the State Penitentiary should be corrected to recite that the crime for which the petitioner is imprisoned in the penitentiary is attempted rape in the first degree and not that of assault with intent to rape.

This court has consistently held that were the defendant is represented by counsel, is tried and convicted, perfects an appeal to this court and the judgment and sentence of the lower court is affirmed, it will not later entertain a petition for a writ of habeas corpus on the same ground or grounds existing at the time of the appeal or any other grounds which should have been called to our attention by the appeal. In re Booth, 74 Okla. Cr. 406, 126 P. 2d 751.; Ex parte Baker, 76 Okla. Cr. 396, 137 P. 2d 242.

The demurrer of the Attorney General is sustained, and the writ of habeas corpus is denied.

BAREFOOT, P. J., and BRETT, J., concur.