STATE ex rel SEDAM, Petitioner, v. CIRCUIT COURT,
MEADE COUNTY, Defendant

(36 N. W.2d 672.)

(File No. 9070.   Opinion filed April 5, 1949)

**Parliman & Parliman** and **T. R. Johnson,** all of Sioux
Falls, for Petitioner.

**Sigurd Anderson,** Atty. Gen. and **Ray F. Drewry,** Asst.
Atty. Gen., for Defendant.

RUDOLPH, J.   On May 4th, 1937, the petitioner, Maur-
ice Sedam, entered a plea of guilty to an information which
alleged that the said defendant did "* * * then and there
willfully, unlawfully and feloniously forcibly seize, carry
away and confine one Mrs. Ida Nicholls, without lawful
authority and with intent then and there on the part of the
said Maurice Sedam to secretly confine or imprison the said
Mrs. Ida Nicholls within the State of South Dakota and
against the will of the said Mrs. Ida Nicholls; * * *". The
court accepted the plea of guilty and entered its judgment
that the said Maurice Sedam be confined "for the crime of

Kidnapping, in the state penitentiary of Sioux Falls, South Dakota, for a period of thirty years."

The applicable law in effect at the time of the commission of the crime and at the time the sentence was pronounced is found in Ch. 91, Laws of 1935. This act omitting formal parts is as follows:

"Kidnapping, Punishment. Every Person who shall forcibly or fraudulently carry or decoy any person or cause any person to be forcibly or fraudulently carried or decoyed out of this state, without authority of law, or who shall secretly confine or imprison any person or cause any person to be secretly confined or imprisoned, within this state, without authority of law, shall be punished by imprisonment in the state penitentiary for the term of the natural life of such person so offending or for any term not less than three years in the discretion of the Court.

"Intent to Kidnap. Every person who, without lawful authority, forcibly seizes and confines another, or inveigles or kidnaps another, with intent:

"1. To cause such other person to be secretly confined or imprisoned in this state against his will; or,

"2. To cause such other person, to be sent out of this state against his will; or,

"3. To cause such person to be sold as a slave, or in any way held to service against his will, is punishable by imprisonment in the state penitentiary not exceeding twenty-five years. Upon any trial for a violation of this Chapter, the consent thereto of the person kidnapped or confined shall not be a defense, unless it appears satisfactorily to the jury that such person was above the age of sixteen years, and that such consent was not extorted by threat or duress."

This court issued its writ of certiorari upon petitioner's application to review the validity of the judgment whereby defendant was sentenced to thirty years as above set out. See State ex rel. Engebritson v. Circuit Court, 69 S. D. 454, 11 N. W.2d 659, 150 A. L. R. 739.

It is petitioner's contention that the information to which he entered a plea of guilty charged the crime of "intent to kidnap" and that the court was without power or authority to impose a sentence for kidnapping or a sen-

tence in excess of the limit provided for the crime of intent to kidnap which is 25 years.

It appears from a reading of the 1935 Act that so far as here material the gist of the crime of "kidnapping" as therein defined is to "* * * secretly confine or imprison any person or cause any person to be secretly confined or imprisoned, within this state, * * *". The gist of the crime of "intent to kidnap" is to seize and confine another with intent "to cause such other person to be secretly confined or imprisoned in this state * * *". We believe the statute to be at least a peculiar statute and this belief is confirmed by the fact that the statute was repealed by Ch. 95, Laws of 1937. There is no allegation in this information that the defendant **secretly** confined Mrs. Nicholls within this state. Such an allegation is an essential to the crime of kidnapping as defined in this 1935 law. The allegations of the information bring it squarely within the second paragraph of the 1935 law as it alleges that the defendant confined Mrs. Nicholls with "intent then and there on the part of the said Maurice Sedam to secretly confine or imprison the said Mrs. Ida Nicholls within the State of South Dakota. * * *" We, therefore, think it clear that the defendant pleaded guilty only to the crime of intent to kidnap which was charged in the information. A plea of guilty is the equivalent of a conviction the effect of which is to authorize the imposition of the sentence prescribed by law on a verdict of guilty of the crime sufficiently charged in the information. 14 Am. Jur.; Criminal Law, § 272. The plea of guilty to the crime of intent to kidnap did not authorize the imposition of a sentence of more than twenty-five years. To the extent that the sentence of the court imposes a sentence in excess of that which is authorized by law the sentence is void as to the excess. In re Taylor, 7 S. D. 382, 64 N. W. 253, 45 L. R. A. 136, 58 Am. St. Rep. 843; In re Lackey, 6 S. D. 526, 62 N. W. 134; State ex rel. King v. Jameson, 69 S. D. 565, 13 N. W.2d 46.

The Circuit Court of Meade County is directed to reduce the sentence imposed from thirty years to twenty-five years.

All the Judges concur.