Dero MATTHEWS, Petitioner,

v.

Robert R. RAINES, Warden, Oklahoma State Penitentiary, Respondent.

No. A–12932.

Court of Criminal Appeals of Oklahoma.

Nov. 7, 1960.

Dero Matthews, petitioner, pro se.

Mac Q. Williamson, Atty. Gen., Owen J. Watts, Asst. Atty. Gen., for respondent.

POWELL, Presiding Judge.

Dero Matthews seeks release from the State Penitentiary at McAlester by way of writ of habeas corpus. Prisoner is confined by reason of a judgment and sentence of the district court of Tulsa County, case No. 13,249, dated October 5, 1948, based on the verdict of a jury wherein petitioner was found guilty of the crime of attempted first degree rape, second offense, and punishment fixed at a term of 60 years in the State Penitentiary.

Petitioner says that he is entitled to release in that the trial court imposed an excessive sentence, that is, a sentence beyond that authorized by the pertinent statutes. That the court had no jurisdiction to impose such a sentence and for such reason the judgment is void and habeas corpus is the proper route to reach and resolve the question.

We note that this petitioner appealed to this Court from the conviction mentioned, and that the point now raised was not raised in trial court by exceptions to the instruction given by the court to the jury and no different instructions were requested, in the motion for new trial, or petition in error filed in this Court. See Matthews v. State, 91 Okl.Cr. 285, 218 P.2d 393. The sole complaint there was as to the sufficiency of the evidence. The evidence would have supported a charge of first degree rape on the ten-year-old child involved, in that there was penetration, even though not past her hymen. 21 O.S.1951 § 1113, and cases cited thereunder. But the State was bound by the information filed.

The first question concerns our authority to grant the writ prayed for, assuming that the sentence in question is excessive. If the proposition now advanced had been raised in the appeal, this Court would have been compelled to notice and treat the issue, and if there found valid, would have been anxious to, and would have granted whatever relief might have been indicated.

It must be noted at this point that this Court has consistently held that where the defendant is represented by counsel, is tried and convicted, perfects his appeal to this Court and the judgment and sentence of the lower court is affirmed, it will not later entertain a petition for writ of habeas corpus on the same ground or grounds existing at the time of the appeal or any other grounds which should have been called to the attention of this Court on appeal. Ex parte Collins, 83 Okl.Cr. 296, 176 P.2d 507, and cases cited. Even so, if the judgment was absolutely void we might be called upon for an exception to such rule.

The writ of habeas corpus does not deal with errors or irregularities which render proceedings voidable merely, but such only as render them absolutely void. Ex parte Lyde, 17 Okl.Cr. 618, 191 P. 606. To be entitled to be discharged, then, the judgment must be void. Ex parte Barnette, 29 Okl.Cr. 80, 232 P. 456.

The question is, then, was the sentence of 60 years imposed for the crime of attempted first-degree rape, second offense, beyond that authorized by law, and if it was excessive, would such fact make the judgment and sentence void?

This proposition has been treated in Volume 25, American Jurisprudence, page 188, § 59, Habeas Corpus, where it is said:

"Contrary to some early decisions, it is now well settled that in the case of a sentence which was merely excessive, if the court which imposed it had jurisdiction of the person and subject matter, such sentence was not void ab initio because of the excess, *but was good in so far as the power of the court extended* and was invalid only as to the excess, and, therefore, a person in custody under such sentence cannot be discharged on habeas corpus until he has suffered or performed as much of it as was within the power of the court to impose. It is necessary to infer from this rule that the excess penalty is separable and one which may be discarded without disturbing the valid portion of the sentence. *After the authorized portion of a sentence has been served or satisfied, further detention becomes illegal, and the prisoner may be discharged by aid of the writ."* [Emphasis supplied.]

The Supreme Court of South Dakota in the early case of Re Taylor, reported in 7 S.D. 382, 64 N.W. 253, 45 L.R.A. 136, in an exhaustive opinion by Carson, P. J., held:

"Where a court has jurisdiction of the person and the offense, the imposition of a sentence in excess of what

the law permits does not render the legal or authorized portion of the sentence void, but merely leaves such portion of the sentence in excess open to question and attack."

In the Taylor case the prisoner had been sentenced to serve a term of five years in the penitentiary. It was his contention that two years was the maximum sentence that could be imposed. The Court assumed without deciding that the proposition stated was true, but reached the conclusion that we have quoted. See the later South Dakota cases affirming the rule stated in the Taylor case: State ex rel. King v. Jameson, 69 S.D. 565, 13 N.W.2d 746; State ex rel. Sedam v. Circuit Court, Meade County, 72 S.D. 494, 36 N.W.2d 672.

The Supreme Court of California in the case of Ex parte Morck, 180 Cal. 384, 181 P. 657, has held in disposing of a habeas corpus action:

"Any question of excess of sentence will not be considered until the expiration of the time for which the prisoner may be lawfully confined."

And see on the subject: Ex parte Gilliam, Cal.App., 157 P.2d 32; Ex parte Williams, 76 Cal.App.2d 161, 172 P.2d 558. In California the principle seems to have been enacted into statutory law.

We approve and follow the rule quoted above from American Jurisprudence, and hold the judgment complained of not void even if the sentence imposed is excessive, and, such being so, ordinarily the case would be disposed of by denial of the writ without more. However, this petitioner presents his case pro se, and in his appeal was represented by a public defender who did not raise a vital question that should have been raised and that never came to the attention of this Court on appeal, as already stated. We feel duty-bound to say more.

■ In Collins v. State, 59 Okl.Cr. 18, 55 P.2d 790, in an opinion from this Court in 1936 by Edwards, Judge, concurred in by Davenport and Doyle, Judges, it was said:

"An attempt to commit a felony, where no special provision is made by law for the punishment for such attempt is punishable as provided by section 1822 Okl.Stat.1931 [21 O.S.1951 § 42].

"Rape in the first degree is punishable by imprisonment in the penitentiary for not less than 15 years. Section 2519 Okl.Stat.1931 [21 O.S.1951 § 1115]. One convicted of an attempt to commit rape in the first degree is punishable by imprisonment in the state penitentiary for any term not exceeding one-half of the longest term of imprisonment fixed for a conviction of rape in the first degree. Section 1822, subd. 1 [21 O.S.1951 § 42, subd. 1]. Under these provisions of the law one convicted of an attempt to commit rape in the first degree may be sentenced to a term of 37 years in the state penitentiary."

And see Ex parte Collins, 83 Okl.Cr. 296, 176 P.2d 507.

It was specifically held that section 1822, subd. 1, Okla.Stat.1931 [21 O.S.1951 § 42, subd. 1] did not apply.

■ The Court of Criminal Appeals having held in construing the statutes applicable in this case which are cited in the above quotations and may be read, that 37 years constitutes half of a life term, and petitioner not having served sufficient time to meet the requirements set out in Collins v. State, supra, the petition for writ of habeas corpus must be denied. If and when the 37 years is served petitioner may then apply to this Court for release on the ground that he has served the valid portion of the judgment in question, and that any further service exceeds the applicable statutes and he may then validly pray for release without delay.

Writ denied.

NIX and BRETT, JJ., concur.