**Herman Eugene WING, Plaintiff in Error,**

v.

**STATE of Oklahoma, Defendant in Error.**

**No. A–12936.**

Court of Criminal Appeals of Oklahoma.

Jan. 4, 1961.

As Amended March 1, 1961.

Rehearing Denied March 15, 1961.

John L. Ward, Jr., Tulsa, for plaintiff in error.

Mac Q. Williamson, Atty. Gen., Sam H. Lattimore, Asst. Atty. Gen., for defendant in error.

BRETT, Judge.

The plaintiff in error, Herman Eugene Wing, defendant below, was charged by information in the district court of Tulsa County, Oklahoma, with the crime of second-degree burglary, allegedly committed on December 4, 1959, after former conviction. The defendant was tried and convicted of the crime charged. He was thereafter sentenced to a term of ten years in the penitentiary. Judgment was entered accordingly on April 29, 1960, from which this appeal has been perfected.

 There is but one contention presented in this appeal. That contention is that the State in proving the former conviction in Cherokee County, Oklahoma, for burglary in the second degree, allegedly committed on May 31, 1953 and upon which judgment and sentence was entered on April 20, 1954, was appealed to this Court of Criminal Appeals, and the State did not prove that it had been finalized by affirmance. The record in the instant case affords no proof that the appeal had been decided or had become final by affirmance on appeal, as is held to be essential in Tice v. State, Okl.Cr., 283 P.2d 872. Such is the law in Oklahoma, as set forth in said case, fully outlining the proof required in such matter. This record confirms the defendant's contention in the matter of failure of proof. But, our attention having been called to the fact of appeal to this Court, we have searched our records for such case and find that defendant was charged, as herein alleged, as a former offender in Cherokee County, and on said date he was convicted and sentenced; from which judgment he did appeal to this Court. The records of this Court disclose that the defendant Herman Eugene Wing's conviction in case No. A–12124 was affirmed herein on February 23, 1955, and was available to the trial court in Wing v. State, Okl.Cr., 280 P.2d 740, and both that court and this Court may take judicial notice of that opinion and its finality.

For an extensive discussion of this principle, see Frazier v. State, Okl.Cr., 267 P.2d 155, and especially a prior conviction for a like crime before this Court; Ex parte Collins, 76 Okl.Cr. 163, 135 P.2d 61; Dunn v. State, Okl.Cr., 279 P.2d 389.

In the Collins case, supra, this Court specifically said [76 Okl.Cr. 163, 135 P.2d 62]:

> "Although the petitioner does not so recite, this court takes cognizance of its own records and is familiar with the fact that petitioner appealed his conviction to this court. The same issue was there raised and decided adversely to him. Collins v. State, 59 Okl.Cr. 18, 55 P.2d 790."

We likewise take judicial notice of our own opinions, Carter v. State, Okl.Cr., 292 P.2d 435. This Court being able to take cognizance of its own records and the finality of this defendant's former conviction, is compelled to hold that the defendant's conviction, judgment and sentence herein imposed must be and the same is affirmed.

POWELL, P. J., and NIX, J., concur.