**Robert Doyle O'DELL, Plaintiff in Error,**

v.

**The STATE of Oklahoma, Defendant in Error.**

**No. A–14457.**

Court of Criminal Appeals of Oklahoma.

April 30, 1969.

William O. (Don) Evans, Tulsa, for plaintiff in error.

G. T. Blankenship, Atty. Gen., Dale F. Crowder Asst. Atty. Gen., for defendant in error.

BRETT, Presiding Judge

Robert Doyle O'Dell, hereinafter referred to as defendant, was charged, tried and convicted in the District Court of Tulsa County, for the crime of Rape in the First Degree, After Former Conviction of a Felony, and from the judgment and sentence fixing his punishment at an indeterminate sentence of from 33 to 99 years imprisonment in the state penitentiary, he appeals.

As his first assignment of error the defendant contends that reversible error occurred when the following proceedings transpired in the presence of the jury:

"Mr. Evans says that Robert O'Dell is a relatively slight individual.

Now, stand up, Mr. O'Dell—show the jury your chest.

Mr. Evans: Your Honor, I don't believe this is proper.

The Court: I sustain your objection.

Mr. Powers: I challenge—

The Court: I sustain your objection."
(CM 339)

Defendant argues that his constitutional rights were violated when the prosecuting attorney "had the defendant testify against himself by standing and showing the jury his chest." From the foregoing recital in the record, it is abundantly clear that the court sustained defense counsel's objection and although we might infer that defendant stood from the fact that his counsel asked him to be seated, we fail to see how this in any way could have prejudiced the defendant, for he sat through the course of the trial, in full view of the jury, and standing or sitting, as the defendant in a criminal case in exercise of his right to be present in open court and be confronted with the witnesses appearing against him, under the facts here presented, certainly could not be construed as a violation of his right against self-incrimination.

This leads us to a consideration of defendant's second assignment of error that the defendant lacked sufficient mental capacity to be criminally responsible for the crime of which he stands convicted. In support of this contention he cites the testimony of certain defense witnesses whose testimony he relies on to show that at the time of the commission of the crime the defendant did not know right from wrong.

This assignment of error likewise is without merit, for although the defendant called witnesses to testify as to his mental condition, the facts and attendant circumstances surrounding the rape were before the jury and from these facts and circumstances it was within their province to determine whether at the time of the commission of the offense charged, the defendant possessed sufficient mental capacity to know and distinguish right from wrong. The State also offered competent expert testimony to the effect that the defendant was not suffering from a psychotic disorder and that although he was illiterate and mildly retarded, he could distinguish between right and wrong and could assist counsel in his own defense.

In Tarter v. State, Okl.Cr., 359 P.2d 596, this Court stated in the first and

eighth paragraphs of the syllabus as follows:

"1. The law makes no distinction in weighing evidence between expert testimony and evidence of other character, and it is for the jury and not the reviewing court to determine the weight to be given such evidence.

8. Present sanity is a determination of a question of fact, subject to review on appeal, only for the purpose of ascertaining whether there is any competent evidence reasonably tending to support the finding of the jury on the question."

■ Defendant next contends that the verdict and sentence is the result of passion and prejudice of the jury, and the punishment assessed was excessive under the facts for the crime charged. From our examination of the record we find it difficult to see how the jury could have arrived at any other verdict than that the defendant was guilty. The evidence of his guilt is clear, convincing and cogent and the punishment is well within the range provided by law, for the defendant could have received the death penalty. We must, therefore, hold that this assignment of error is without merit.

■ As the defendant's last assignment of error he argues that the evidence was insufficient to support the verdict of the jury. As we have heretofore stated, there was an abundance of testimony presented on behalf of the State from which the jury could determine that the defendant was guilty as charged, and we deem it unnecessary to burden this opinion with the recital of facts since none of the issues raised on appeal are meritorious.

For all reasons above set forth, the judgment and sentence appealed from is affirmed. Judgment and sentence affirmed.

BUSSEY and NIX, JJ., concur.