**STATE of South Dakota, Plaintiff and Appellee,**

v.

**Lawrence J. DASSINGER, Defendant and Appellant.**

**No. 12988.**

Supreme Court of South Dakota.

Submitted on Briefs May 22, 1980.

Decided July 23, 1980.

Michael V. Black, Asst. Atty. Gen., Pierre, for plaintiff and appellee; Mark V. Meierhenry, Atty. Gen., Pierre, on brief.

John S. Lovald of Duncan, Olinger, Srstka, Lovald & Robbennolt, Pierre, for defendant and appellant.

MORGAN, Justice.

Appellant was found guilty of driving while under the influence (DWI), and although he argued that it could not be considered a third DWI offense within four years under SDCL 32–23–4,[1] (see also SDCL 32–23–4.1),[2] the trial court found him guilty of such an offense and sentenced him to two years in the South Dakota State Peni-

tentiary in Sioux Falls. Appellant appeals from that judgment and sentence. We affirm.

On October 29, 1975, appellant pleaded guilty to the offense of DWI, and the trial court sentenced him at that time.

On May 13, 1979, appellant was arrested for DWI in violation of SDCL 32–23–1. He pleaded guilty to that charge on June 14, 1979, but sentencing did not take place until August 31, 1979.

On June 16, 1979, only two days after his plea to the second offense, appellant was again arrested for DWI. After a court trial on October 24, 1979, the trial court found him guilty of DWI.

Over appellant's objection, the trial court held that the conviction was for a third DWI offense in violation of SDCL 32–23–4. The trial court then sentenced appellant to two years in the state penitentiary and prohibited him from driving a motor vehicle on public highways in the state for one year after his final discharge.

On appeal appellant argues that his conviction for a second offense had not occurred until he was sentenced on August 31, 1979, so that when he was arrested for the third DWI offense, he had not yet been convicted for a second DWI offense. He therefore argues that the trial court could not sentence him for a third DWI offense for his June 16, 1979, violation. We disagree.

"Conviction" has two different meanings. There is a technical legal meaning and an ordinary legal meaning.

In the restricted or technical legal sense in which it is sometimes used, the word "conviction" includes the status of being guilty of, and sentenced for, a criminal offense, whether that status is estab-

---

1. SDCL 32–23–4 provides:

   If conviction for a violation of § 32–23–1 is for a third offense, or subsequent offense thereafter, such person is guilty of a Class 6 felony, and the defendant shall be prohibited from driving any motor vehicle for such period of time as may be determined by the court, but in no event less than one year from the date of his final discharge.

2. SDCL 32–23–4.1 provides:

   No previous conviction for, or plea of guilty to, an offense under §§ 32–23–2 to 32–23–4, inclusive, occurring more than four years prior to the date of the violation being charged shall be used to determine that the violation being charged is a second, third or subsequent offense.

lished after confession of guilty by a guilty plea or after determination by a jury verdict upon an assertion of innocence. Stated otherwise technically the word means the final consummation of the prosecution against the accused including the judgment or sentence rendered pursuant to an ascertainment of his guilt.

In its general and popular sense and frequently in its ordinary legal sense, the word "conviction" is used in the sense of establishment of guilt prior to and independently of judgment and sentence by a verdict of guilty or a plea of guilty. *State v. Hanna*, 179 N.W.2d 503, 507–508 (Iowa 1970). To determine what "conviction" means as used in SDCL 32–23–4, this court must decide which definition is applicable. In determining which definition should be applied, the Supreme Court of Iowa in *Hanna* said that: "[T]he word 'conviction' is of equivocal meaning, and its use in a statute presents a question of legislative intent." 179 N.W.2d at 508.

This court has had occasion to explain the word "conviction." In *State v. Circuit Court*, 72 S.D. 494, 496, 36 N.W.2d 672, 674 (1949), this court said that "[a] plea of guilty is the equivalent of a conviction the effect of which is to authorize the imposition of the sentence prescribed by law on a verdict of guilty of the crime sufficiently charged in the information." In that case, we applied the ordinary legal definition.

"The majority of the states, in interpreting other statutes have held that the term 'convicted' or 'conviction' must be given its ordinary meaning." *Bubar v. Dizdar*, 240 Minn. 26, 29, 60 N.W.2d 77, 79 (1953).

■ We find that the legislature's intent was to apply the word "conviction" according to its ordinary legal definition. Accordingly, we hold that the word "conviction," as used in SDCL 32–23–4, means at the time one either pleads guilty to or is found guilty by a court or jury at trial of violating the statute.

The judgment of the trial court is affirmed.

All the Justices concur.