Roger Benton RAGLAND, Appellant,

v.

The STATE of Oklahoma, Appellee.

No. F-79-370.

Court of Criminal Appeals of Oklahoma.

Oct. 28, 1980.

Clee Fitzgerald, Fitzgerald & Worthington, Stillwater, for appellant.

Jan Eric Cartwright, Atty. Gen., Michael Jackson, Asst. Atty. Gen., Michael Lee Bardrick, Legal Intern, for appellee.

## OPINION

BUSSEY, Judge:

Appellant, Roger Benton Ragland, hereinafter referred to as defendant, was charged, tried and convicted in the District Court of Payne County, Cases No. CRF–78–42 and CRF–78–43, of the offenses of Attempted Rape in the First Degree, 21 O.S. 1971, § 1114, and Sodomy, Crime Against Nature, 21 O.S.1971, § 886. His punishment was fixed at thirty–seven (37) years for Attempted Rape and ten (10) years for Sodomy to run concurrently. From said judgments and sentences an appeal has been perfected to this Court.

For the sake of convenience we will treat the second of the defendant's four assignments of error first. The defendant contends in his second assignment of error that the verdict is contrary to the evidence because the State did not prove beyond a reasonable doubt that he was sane at the time of the alleged attack. Consideration of this assignment requires a brief summary of the evidence at trial.

The evidence of the State established that on the evening of February 9, 1978, the prosecutrix was walking home on the Oklahoma State University campus when she was grabbed from behind by the defendant. He struck her in the face and dragged her to the basement level of the student union garage. He removed her jeans and attempted to have sexual intercourse. He then forced her to perform oral sodomy. Several members of a fraternity, who were in the garage, heard faint screaming. They observed the defendant on his knees over the prosecutrix. The defendant stated he was just having a misunderstanding with his girl friend. The defendant attempted to flee but was apprehended and restrained by the students.

The defendant testified that he went to the O.S.U. campus to borrow heating lights from a friend. He did not remember anything that happened thereafter until he was placed under arrest. The defendant's wife and several character witnesses testified regarding the defendant's extreme personality changes prior to the incident. Dr. Loraine Schmidt, a psychiatrist employed with the State, testified that the defendant was committed to Central State Hospital for observation on February 15, 1978, which was six days after the incident. The defendant was observed until March 16, 1978, during which time no evidence of organic brain damage or of psychosis was found. She further testified that, although the defendant had an explosive personality disorder, in her opinion he knew right from wrong and was mentally competent. She expressed no opinion as to the defendant's mental state at the time of the attack.

We are of the opinion that the evidence amply supported the trial court in

submitting the question of sanity at the time of the commission of the alleged offense as a question of fact for the jury. See *O'Dell v. State*, Okl.Cr., 455 P.2d 750 (1969); *Jones v. State*, Okl.Cr., 479 P.2d 591 (1971); and *Stidham v. State*, Okl.Cr., 507 P.2d 1312 (1973). This assignment of error is without merit.

■ The defendant asserts in his first assignment of error that the trial court erred in not allowing his attorney to inquire on cross–examination into the circumstances surrounding the prosecutrix's identification of the defendant as her attacker for the first time at trial. We find this assignment of error to be without merit. The record reflects that defense counsel was allowed wide latitude in cross–examining the prosecutrix as to her failure to identify the defendant previously at the preliminary hearing. We have consistently held that the extent of cross–examination rests in the sound discretion of the trial court, and this Court will not interfere absent a clear showing of abuse of discretion resulting in manifest prejudice to the accused. See *Cannon v. State*, Okl.Cr., 507 P.2d 584 (1973); *Moore v. State*, Okl.Cr., 553 P.2d 209 (1976); and *Hickerson v. State*, Okl.Cr., 565 P.2d 684 (1977).

■ The defendant contends in his third assignment of error that the trial court erred in rejecting his proposed jury instruction number 6, relating to a verdict of not guilty by reason of insanity. However, in reciting that the trial court would commit the defendant to an institution for the insane if the jury returned a verdict of "not guilty by reason of insanity, but find his discharge dangerous to the public peace or safety," the proposed instruction was an incorrect statement of the law. Title 22 O.S.Supp.1975, § 1161, removes the jury from determination of commitment, and provides in relevant part as follows:

> "[W]here the defendant is acquitted on the ground that he or she, as the case may be, was insane at the time of the commission of the crime charged, such person shall be discharged from further custody unless the *court* has reasonable

grounds to believe that said person is presently mentally ill and that the release of such individual would be dangerous to the public peace or safety. . . ." (Emphasis added)

Compare 22 O.S.1971, § 1161. Moreover, if the proposed instruction had correctly stated the law and merely advised the jury of the possibility that the defendant might be committed as a result of a verdict of not guilty by reason of insanity, it would be immaterial to the jury's deliberations, and would properly be rejected by the court. *Thomsen v. State*, Okl.Cr., 582 P.2d 829 (1978).

■ The defendant alleges in his final assignment of error that the trial court erred in imposing an "excessive, harsh and discriminatory" sentence of 37 years for the offense of attempted rape. We find no merit to this argument. A sentence of 37 years for attempted rape has been expressly upheld by this Court in *Collins v. State*, 59 Okl.Cr. 18, 55 P.2d 790 (1936); *Ex parte Collins*, 79 Okl.Cr. 193, 153 P.2d 243 (1944); and *Matthews v. Raines*, Okl.Cr., 356 P.2d 783 (1960), and we reaffirm these decisions.

The judgments and sentences are, accordingly, *AFFIRMED.*

CORNISH, P. J., concurs.

BRETT, J., concurs in part and dissents in part.

BRETT, Judge, concurring in part and dissenting in part:

I concur that these convictions should be affirmed, notwithstanding my objections to the trial court's action in limiting defense counsel's cross–examination of the prosecuting witness. However, I dissent to the sentence of thirty–seven years for the conviction of Attempted Rape in the First Degree. I believe that sentence is excessive and would modify the sentence for that offense to twenty years imprisonment.