**STATE of South Dakota, Plaintiff and Appellee,**

v.

**Ed MORRISON, Defendant and Appellant.**

**No. 13773.**

Supreme Court of South Dakota.

Considered on Briefs Jan. 21, 1983.

Decided Aug. 24, 1983.

**826**

James Allen, Edgemont, for defendant and appellant.

Mikal G. Hanson, Asst. Atty. Gen., Pierre, for plaintiff and appellee; Mark V. Meierhenry, Atty. Gen., Pierre, on brief.

PER CURIAM.

Appellant appeals from the sentence imposed following his plea of guilty to a violation of SDCL 41–8–17. Appellant's sentence consisted of a fine of $500.00 and twelve months' confinement in the county jail, eleven months of which were suspended.

On the date of the charged offense, November 14, 1981, SDCL 41–8–17 provided:

No person shall, nor shall one or more of a group of persons, together, throw or cast the rays of a spotlight, headlight, or other artificial light on any highway, or in any field, pasture, woodland, forest, or prairie, wherein big game may be, or may reasonably be expected to be, while having in his or their possession or under control a firearm or other implement whereby any big game could be killed, unless such firearm or other implement is unloaded and knocked down, or unloaded and enclosed within a carrying case, even though no big game animal is shot at, injured, or killed.

As it read at the time of appellant's conviction and sentencing, SDCL 41–8–18 provided in part:

Any person violating any of the provisions of ... § 41–8–17 is guilty of a Class 1 misdemeanor for each big game animal or any part thereof, taken, caught, killed, sold, offered, or exposed for sale, had in possession or had in possession with intent to sell, shipped by common carrier, or transported to any point inside or outside the state in violation of law....

It was undisputed that appellant had possession of a jackrabbit at the time of the offense. Jackrabbits do not fall within the definition of big game animals set forth in SDCL 41–1–1(16).

We agree with appellant that his violation of SDCL 41–8–17 did not constitute a class one misdemeanor. A 1982 amendment to SDCL 41–8–18 confirms our conclusion that as it read at all times material to the instant case that statute did not make spotlighting in and of itself a class one misdemeanor. As it now reads, SDCL 41–8–18 provides that any violation of SDCL 41–8–17 is a class one misdemeanor "for *each prohibited act or each big game animal* ... taken ... or ... in possession...." 1982 S.D.Sess.Laws, Ch. 289 § 3. (Emphasis supplied.)

The state contends that appellant's guilty plea waived any right to appeal the trial court's determination that appellant's conduct amounted to a class one misdemeanor. The general rule is that a voluntary and intelligent plea of guilty is a waiver by the defendant of any non-jurisdictional defects in the *prior* proceedings against him. *State v. Culton*, 273 N.W.2d 200 (S.D.1979); *State v. Jordan*, 261 N.W.2d 126 (S.D.1978); *State ex rel. Condon v. Erickson*, 85 S.D. 302, 182 N.W.2d 304 (1970); *Application of Dutro*, 83 S.D. 168, 156 N.W.2d 771 (1968). We distinguish these authorities from the case at bar on the basis that the alleged error now before us occurred *after* appellant pleaded guilty. After appellant pleaded guilty, the trial court was authorized to impose any lawful sentence. *See State ex rel. Sedam v. Circuit Court*, 72 S.D. 494, 36 N.W.2d 672 (1949). We will not extend the rule of waiver to foreclose defendants from challenging unlawful sentences. Indeed, as we recently held in *State v. Tibbetts*, 333 N.W.2d 440 (S.D.1983), pursuant to SDCL 23A–31–1 a defendant may file a motion to correct an illegal sentence at any time.

The sentence is reversed, and the case is remanded to the circuit court for resentencing.