**Alonzo TALLEY, Jr., Plaintiff in Error,**

**v.**

**The STATE of Oklahoma, Defendant in Error.**

**No. A–13729.**

Court of Criminal Appeals of Oklahoma.

Nov. 24, 1965.

H. G. Tolbert, Watonga, for plaintiff in error.

Charles L. Owens, Asst. Atty. Gen., for defendant in error.

NIX, Judge:

Plaintiff in Error, Alonzo Talley, Jr., hereinafter referred to as the defendant, plead guilty in the District Court of Blaine County, Oklahoma, to the crime of Assault with Intent to Kill, After a Former Conviction of a Felony; and was sentenced to Seventeen (17) years in the penitentiary. Some nine months later, he filed a Writ of Error-Coram Nobis in Blaine County District Court. This was overruled, and from this proceeding, he now appeals to this Court asking that the defendant be permitted to have a jury trial, or in the alternative, that this Court commute his sentence to the time he has actually served in the penitentiary and that he be discharged. Under the authority of Hendricks v. State, Okl.Cr., 297 P.2d 576, this Court held that the only relief which can be granted under Coram Nobis is the setting aside of judgment and the granting of a new trial. It was further held in the Hendricks case, supra:

"The functions of a writ of error coram nobis are limited to an error of fact for which the statute provides no other remedy, which fact did not appear of record or was unknown to the court when judgment was pronounced, and which, if known, would have prevented the judgment, and which was unknown and could not have been known to the party by the exercise of reasonable diligence in time to have been otherwise presented to the court, unless he was prevented from so presenting them by duress, fear, or other sufficient cause."

Under the limited confines of the above, it would seem that the defendant is not properly before the Court, as the proper way to raise his contentions would have been by direct appeal, or by writ of habeas corpus. Since the contention raised herein attacks the validity of the judgment and sentence, we will treat this as habeas corpus, and consider said contention.

From the record before us it appears that the defendant was shot by Fred Sheppard while attempting to enter his home thru a window, with a gun. He had evidently fired at Sheppard, although these particular circumstances of the actual crime are not made clear in this record. He was wounded in the arm and hand, and was given emergency treatment at the hospital in Watonga, and later transferred to University Hospital in Oklahoma City for surgery, where he remained one night. The shooting occurred

on June 21, 1964. Information was filed on June 25 and arraignment was held that same day. Defendant was appointed counsel by the Court; and after consultation, he entered a plea of Not Guilty. Since the County Jail at Watonga was being rebuilt, the Court entered an order sending defendant to the penitentiary for medical treatment; and for the further reason that he was an escapee from the Colorado State Prison and was wanted by that state on that charge, in addition to auto theft and kidnapping; and the County Attorney did not feel the hospital was adequate for safekeeping. The penitentiary would not accept him for that purpose and he was returned to Watonga. The next day—June 26, 1964—defendant was again, at his request, taken before the District Court of Blaine County where he changed his plea from Not Guilty to Guilty. The following is from the casemade, at pg. 26:

> "BY THE COURT: All right, gentlemen, do you have something in this case, No. 2119, State of Oklahoma v. Alonzo Talley, Jr.?
>
> BY MR. MORGAN: Yes, sir, your Honor, and the defendant is present, together with his attorney, Mr. Tolbert.
>
> BY THE COURT: Very well; let the record show that the defendant is present in open court, together with counsel. Now, yesterday the defendant entered a plea of not guilty, and bail was fixed. Do you have any announcement?
>
> BY MR. TOLBERT: Do you want me to announce a plea of guilty for you?
>
> BY THE DEFENDANT: Yes, sir.
>
> BY MR. MORGAN: Do you want to change your plea now, from not guilty to guilty, is that correct, Alonzo?
>
> BY THE DEFENDANT: Yes sir.
>
> BY MR. TOLBERT: That is what he told me he wanted to do, this morning.
>
> BY THE COURT: Very well; let the record show that the defendant withdraws his plea of "not guilty".
>
> Now Alonzo Talley, Jr., as I understand it, you now withdraw your plea of "not guilty", that you entered yesterday, is that correct? ·
>
> BY THE DEFENDANT: Yes, sir.
>
> BY THE COURT: And you now enter a plea of guilty?
>
> BY THE DEFENDANT: Yes, sir.
>
> BY THE COURT: To the crime of assault with intent to kill?
>
> BY THE DEFENDANT: Yes, sir.
>
> BY THE COURT: Do you understand that?
>
> BY THE DEFENDANT: Yes, sir. ·
>
> BY THE COURT: All right, you have now entered your plea of guilty, to the crime of assault with intent to kill, the Court finds that you, Alonzo Talley, Jr., are guilty as charged.
>
> Now under the law I cannot sentence you for a period of forty-eight hours from this time, unless that time is waived and you request that sentence be imposed upon you at this time. Do you wish to waive that time, the forty-eight hours?
>
> BY MR. TOLBERT: What the Court means there, is, if you want to be sentenced now, so that the Sheriff can go ahead and take you down to McAlester, you will have to waive that time, and if you don't want to waive the time you will have,—they will have to take you over here and hold you in jail until the Judge can come back.
>
> BY THE DEFENDANT: O, well I want to waive.
>
> BY MR. TOLBERT: You want to go ahead and waive that time,—as I understood you this morning,—you want to go ahead and be sentenced now, is that right?
>
> BY THE DEFENDANT: Yes, sir, that is right.
>
> BY MR. TOLBERT: And you wish to make a statement to the Court that you wish to waive this time, and that

you ask the Court to pronounce sentence on you at this time?

BY THE DEFENDANT: Yes, sir, at this time.

BY THE COURT: Now you have consulted with your attorney; what have you decided, do you waive the time?

BY THE DEFENDANT: Yes, sir.

BY THE COURT: Very well, and time having been waived for the fixing of a formal sentence date, is there any legal reason that the defendant has to offer why sentence should not be imposed upon him at this time?

BY MR. TOLBERT: None whatsoever that I know of, if the Court please.

BY THE COURT: Now Alonzo Talley, Jr., you heard the Information read to you yesterday, by the County Attorney, did you not?

BY THE DEFENDANT: Yes, sir.

BY THE COURT: And the County Attorney furnished you a copy of the Information?

BY THE DEFENDANT: Yes, sir.

BY THE COURT: And you have a copy of that Information?

BY THE DEFENDANT: Yes, sir.

BY THE COURT: Wherein you are charged with shooting at one, Fred F. Sheppard with a firearm, a 45-caliber revolver—

BY THE DEFENDANT: Yes, sir.

BY THE COURT:—and you understand that that is what you are charged with?

BY THE DEFENDANT: Yes, sir.

BY THE COURT: And with that, as an additional charge, that heretofore, and on February 16th, 1952, in this same court, you were sentenced for a period of ten (10) years in the State Penitentiary for the crime of manslaughter in the first degree?

BY THE DEFENDANT: Yes, sir.

BY THE COURT: Now being advised, and knowing what you are charged with, and receiving a copy of the Information yesterday, and having had it read to you, and my giving you a brief statement of what you are charged with, today, you do understand what you are charged with, today?

BY THE DEFENDANT: Yes, sir.

BY THE COURT: That is, assault with intent to kill, a subsequent offense, having heretofore been convicted of a felony; do you understand that?

BY THE DEFENDANT: Yes, sir.

BY THE COURT: Now yesterday you told me you didn't have a lawyer and that you didn't have the money to employ a lawyer to represent you, and I appointed Mr. Tolbert to represent you, who has been practicing here in this county, and in the State, for some time. You and he have discussed this matter, have you?

BY THE DEFENDANT: Yes, sir.

BY THE COURT: And he has told you all of the rights that you have—

BY THE DEFENDANT: Yes, sir.

BY THE COURT:—to let your plea of not guilty stand and this would come on to trial pretty soon, in the next two or three months?

BY THE DEFENDANT: Yes, sir.

BY THE COURT: Wherein he would try this case for you, before a jury of twelve people of this county, whose duty it would be to find whether or not you were guilty, and if they found you guilty, then fix your penalty,—do you understand that?

BY THE DEFENDANT: Yes, sir.

BY THE COURT: Did he explain that all to you?

BY THE DEFENDANT: Yes, sir.

BY THE COURT: Has he also told you that there is no limit to what I might give you?

BY THE DEFENDANT: If I went to trial?

BY THE COURT: No, on a plea of guilty,—I mean that I might give you.

BY MR. TOLBERT: He understands that the maximum under this charge is thirty (30) years.

BY THE COURT: Yes,—and you understand that that could happen?

BY THE DEFENDANT: Yes, sir.

BY THE COURT: And yet, at the same time, with all of that advice, you desire to enter a plea of guilty at this time?

BY THE DEFENDANT: Yes, sir.

BY THE COURT: Now has anyone threatened you?

BY THE DEFENDANT: No, sir.

BY THE COURT: Has anyone mistreated you?

BY THE DEFENDANT: No, sir.

BY THE COURT: Has anyone promised you anything?

BY THE DEFENDANT: No, sir.

BY THE COURT: In the Sheriff's Office, the Sheriff, or any Deputy?

BY THE DEFENDANT: No, sir.

BY THE COURT: Has the County Attorney promised you anything?

BY THE DEFENDANT: No.

BY THE COURT: None of them have threatened you?

BY THE DEFENDANT: No, sir.

BY THE COURT: Have they treated you all right?

BY THE DEFENDANT: Yes, sir.

BY THE COURT: And you have no complaint on the way they have treated you?

BY THE DEFENDANT: No, sir.

BY THE COURT: And knowing all of that, and being advised that you could stand trial and let twelve men and women of this county pass judgment, you still want to entere a plea at this time of guilty?

BY THE DEFENDANT: Yes, sir.

BY THE COURT: Now I understand that you called some of your folks on the telephone and asked them for their advice?

BY THE DEFENDANT: I called my sister.

BY THE COURT: And you were permitted to call,—did your folks agree with you, that you ought to go ahead and enter a plea of guilty?

BY THE DEFENDANT: O, she can't read or write too much, but she told me to do what I thought was best.

BY THE COURT: And you agreed that this would probably be the best?

BY THE DEFENDANT: Yes.

BY THE COURT: That it was the best?

BY THE DEFENDANT: Yes.

BY THE COURT: Well I guess, Mr. Morgan, it is not necessary for me to ask you for a statement, because I have read the Information, and the man has told me about it. Do you have any statement that you wish to make, Mr. Tolbert?

BY MR. TOLBERT: Not since you have questioned the defendant here, no.

BY MR. MORGAN: I would like to make a recommendation when the Court gets ready for it.

BY THE COURT: All right, I will be glad to hear from you.

BY MR. MORGAN: This boy has sixteen years to do in the State of Colorado, after he serves this time. I would like to recommend a sentence of seventeen (17) years on the crime which Alonzo Talley, Jr. has just pled guilty to.

BY THE COURT: Now you have heard the remarks, the statement of the County Attorney, that you have some time to do in Colorado?

BY THE DEFENDANT: Yes.

BY THE COURT: Knowing all of that, you still are entering your plea of guilty here?

BY THE DEFENDANT: Yes, sir.

BY THE COURT: Very well, Alonzo Talley, Jr., you have entered your plea of guilty to the crime of assault with intent to kill, as a subsequent offense, and under such plea of guilty the Court has found that you were guilty as charged; time has been waived for the fixing of formal sentence date, and there being no good and legal reason being offered why sentence should not be imposed upon you at this time, it will be the Judgment and Sentence of this Court that you, Alonzo Talley, Jr., serve a term of seventeen (17) years in the State Penitentiary, time to begin upon your reception by the Warden there.

And the Court further advises you, as your counsel will advise you, that you have a right of appeal to the Court of Criminal Appeals from this sentence, and you will stand committed to the custody of the sheriff."

■ It is now the contention of the defendant that if he had not been under such mental and physical pain due to the gunshot wounds, he would never have entered this plea of guilty. He states, thru his counsel in his brief, that upon a careful reading of the casemade, it is apparent that the plea of guilty was not entered as a result of his own free will, and that fear prompted his plea.

This Court, after reading the careful and meticulous record made on the plea of guilty by the trial judge, the Honorable F. B. H. Spellman, cannot seriously entertain this contention.

It is apparent that the defendant knew *exactly* what he was doing. He bargained with the county attorney that morning on the amount of sentence he would recommend, and was successful in getting him to lower it from 20 to 17 years. He answered the trial judge's questions clearly and there

was no indication that he was in such pain that he was not aware of what he was doing, or that he did it simply to receive medical treatment, as he had been receiving medical treatment previous to this time. *The fact that he was wounded was known to the trial court.*

Defendant evidently decided that it would be better to have the time he knew he would have to spend in the hospital counted toward the serving of his sentence. He knew, since he was not a "first offender", that he could not credit his jail time spent waiting for trial on his prison sentence.

Further, defendant is not ignorant to the proceedings in criminal prosecutions, having been convicted of Manslaughter (arising out of a charge of Murder) in 1952 in Blaine County; the charge of Robbery in the State of Colorado, from which he escaped, stole a pick-up, and allegedly kidnapped someone. He had a balance of 16 years to complete in Colorado, not including the new charges.

■ This Court held in the case of Antuna v. State, Okl.Cr., 388 P.2d 345:

"Defendant should not be permitted to trifle with the court by changing plea to criminal charge capriciously."

It is obvious, in the instant case, that the defendant thought he was making the best deal at the time he plead guilty. After being at McAlester for some months, he has now decided that he should reverse his field, and try his luck through the trial route, or be returned to Colorado for the further purpose of delay.

■ This Court has held many times that a defendant should be allowed to withdraw his plea of guilty *only* when it is apparent it was entered unadvisedly, through ignorance, inadvertence, influence, or without deliberation, and that there is a defense that should be presented to the jury.

None of these apply to the instant case.

This defendant was given medical care from the time he was injured. He was ap-

pointed a very capable criminal attorney to represent him—who advised him at all stages of his proceedings. He was given every explanation and consideration by the trial judge. There certainly was no indication of any duress, or fear of not being given medical attention—real or imaginary—at the time the plea was entered. This defendant was afforded all his Constitutional rights and we do not deem his contentions meritorious in the face of the record before us.

We wish to commend the Honorable F. B. H. Spellman for the careful protection of this Defendant's rights.

The relief asked for is Denied, and the judgment and sentence of the District Court of Blaine County is hereby Affirmed.

BUSSEY, P. J., and BRETT, J., concur.