Ervin Ray YOUNG, Petitioner,

v.

The STATE of Oklahoma, Respondent.

No. A–14656.

Court of Criminal Appeals of Oklahoma.

March 12, 1969.

Jay Dalton, Tulsa, for petitioner.

G. T. Blankenship, Atty. Gen., Charles Owens, Asst. Atty. Gen., S. M. Fallis, Dist. Atty., Tulsa, Patrick Williams, Asst. Dist. Atty., for respondent.

PER CURIAM.

This is an original proceeding by Ervin Ray Young who is presently incarcerated in the Oklahoma State Penitentiary under judgment and sentence imposed in the District Court of Tulsa County, Oklahoma, for the crime of murder sentencing him to life imprisonment. An appeal was taken from the judgment, and this Court on June 13, 1962, in a lengthy opinion affirmed the conviction. Young v. State, Okl.Cr.App., 373 P.2d 273.

Petitioner has now filed a petition for writ of error coram nobis wherein he requests that his appeal be re-opened and the judgment and sentence be reversed and remanded because (1) testimony known to be perjured by the prosecuting attorney resulted in his conviction, (2) that prospective jurors were excused for cause because they had scruples against imposing a death penalty, and (3) that a witness testified as to a pretrial lineup identification of accused without counsel present.

In view of Petitioner's contention that testimony known to be perjured by the prosecuting attorney was used to convict him, this Court directed that the district court for Tulsa County conduct an evidentiary hearing on this issue. Such a hearing was held on the 28th and 29th of October, 1968, with Petitioner present and represented by court appointed counsel, Mr. Jay Dalton, before the Honorable Frederick Nelson, District Judge. Petitioner's counsel ably represented his client and called several prospective witnesses to testify at the hearing. Five witnesses testified for the Petitioner and one witness testified for the Respondent. Other witnesses were expressly excused by the Petitioner himself as unnecessary. During the hearing Petitioner, with the court's indulgence, was allowed wide-latitude in expounding his position and allowed to extemporate at length on his theory. Petitioner was certainly afforded every opportunity to substantiate his allegation.

Essentially it was the primary contention of the Petitioner that a state witness, Norma Sue Littlefield, materially altered her testimony from that given at Petitioner's first trial, which was a mistrial, and Petitioner's second trial, and that this discrepancy was deliberate and false, and that the prosecuting attorney knew such testimony was false. However, a review of the transcript in the two trials of Miss Littlefield's testimony does not show a material discrepancy. The Petitioner's suggestion that the transcript is in error or incomplete in this regard is not substantiated by the

witnesses called by the Petitioner. Furthermore, Judge Robert Simms who was the prosecuting attorney at Petitioner's trial expressly denied that he had any knowledge of any false testimony or any material discrepancy. We therefore concur with the findings of Judge Nelson which are in part as follows:

"This Court finds, therefore, that there is no evidence to substantiate the position that the defendant was convicted in part on perjured testimony.

    *     *     *     *     *     *

"The evidence adduced at this hearing further indicates to the Court that on each occasion, that is both trials, the defendant was represented by extremely able and experienced and competent counsel, who raised the same issues being raised today, at the time of trial, and the conclusion as to whether a minor discrepancy in a witness's testimony from one trial to another trial, was such as to constitute materially perjured testimony or were such as to minor changes in phraseology without any substantial difference in the substance on the matters that are properly determined by the jury."

■ Thus, regarding this allegation, based upon the findings of the district court, and our review of the evidence, we conclude that Petitioner is not entitled to a reopening or reconsideration of his appeal or a new trial and that a writ of error coram nobis should be denied.

■ Petitioner's further allegations (2) and (3) do not constitute a case for relief under coram nobis. As to the nature of a writ of error coram nobis see Hendricks v. State, Okl.Cr.App., 297 P.2d 576. However, since the contentions raised herein attack the validity of the judgment and sentence this Court could consider such for habeas corpus if any relief is warranted. Talley v. State, Okl.Cr.App., 408 P.2d 346.

■ In considering the jury selection question we find no basis for relief. In essence the United States Supreme Court held in Witherspoon v. State of Illinois, 391 U.S. 510, 88 S.Ct. 1770, 20 L.Ed.2d 776 (1968), that a juror cannot be challenged for cause on the sole ground that he is opposed to capital punishment and a death sentence cannot be executed if imposed by a jury from which have been removed for cause those who, without more, are opposed to capital punishment or have scruples against imposing the death penalty. On the same date that the United States Supreme Court handed down Witherspoon, it handed down Bumper v. State of North Carolina, 391 U.S. 545, 88 S.Ct. 1788, 20 L.Ed.2d 797 (1968), in which it held:

"Our decision in Witherspoon does not govern the present case, because here the jury recommended a sentence of life imprisonment."

Since Petitioner received a life sentence as opposed to the death penalty, he is unable to receive relief for the reason that prospective jurors were excused for cause because they stated they did not believe in the death penalty.

Petitioner also contends that any mention of a line-up identification was prejudicial error. We have reviewed the casemade of Petitioner's trial, especially those portions regarding the identification of Petitioner, and in view of such we cannot accept the proposition of Petitioner.

■ Recently in United States v. Wade, 388 U.S. 218, 87 S.Ct. 1926, 18 L.Ed.2d 1149 (1967) and Gilbert v. State of California, 388 U.S. 263, 87 S.Ct. 1951, 18 L.Ed.2d 1178 (1967), the United States Supreme Court ruled that a pretrial confrontation for identification purposes is a critical stage of a prosecution at which an accused needs the presence of counsel. However, in Stovall v. Denno, 388 U.S. 293, 87 S.Ct. 1967, 18 L.Ed.2d 1199 (1967), the Supreme Court declared that the directive of the Wade and Gilbert cases is prospective in application and can be invoked only in those cases held after June 12, 1967. See Thompson v. State, Okl.Cr.App.,

438 P.2d 287 (1968). Since Petitioner's trial was held in 1961 and affirmed on appeal in 1962 neither the Wade or Thompson cases are applicable.

Petitioner relies upon Cothrum v. State, Okl.Cr.App., 379 P.2d 860, which was decided in 1963 subsequent to the review of Petitioner's trial by this Court in 1962. In Cothrum this Court held that certain testimony of an "extra-judicial identification" was immaterial and improperly suggestive. However, there was no objection to the mention of a lineup in Petitioner's trial as there was in the Cothrum case, nor was the issue raised on appeal. Petitioner cannot gain relief now by a retroactive application of Cothrum v. State, supra.

▇▇▇▇ In 1961 in Oklahoma it was not fundamental, reversible error to mention a pretrial lineup identification where the identifying witness positively identified the defendant at the trial as the perpetrator of the crime in question, independent of a lineup identification. Even if testimony of a lineup identification is immaterial, it does not constitute reversible error where the error was not objected to at the trial and properly preserved for appellate review. Moore v. State, Okl.Cr.App., 433 P.2d 519. Clearly, if Petitioner believed that he was prejudiced by testimony of a lineup identification he should have at least attempted to raise the issue on appeal which he did not. Habeas corpus will not be granted where the allegations in support of relief were raised on appeal or were matters which should have been raised on appeal. Hampton v. Page, Okl.Cr.App., 412 P.2d 202.

We therefore conclude that Petitioner is not entitled to any relief under the allegations raised herein.

Writ denied.

This application was assigned to the Referee, Mr. Penn Lerblance, by the Presiding Judge of this Court. The foregoing findings of fact and conclusions of law were submitted by the Referee and approved and adopted by the Court.