## Ex parte LEE HERREN.

No. A-10184.    March 25, 1942.

(124 P. 2d 276.)

Ogden & Wallace, of Ardmore, for petitioner.

Mac Q. Williamson, Atty. Gen., and Jess L. Pullen, Asst. Atty. Gen., for respondent.

JONES, J.   This is an original proceeding in habeas corpus wherein the petitioner seeks his release from the State Penitentiary.

The petitioner was convicted in the district court of Carter county of the crime of receiving stolen property and sentenced to serve one year and one day in the State Penitentiary.   His conviction was appealed to this court and the judgment was affirmed.   Lee Herren v. State, 72 Okla. Cr. 254, 115 P. 2d 258.

In this proceeding it is contended by petitioner that his commitment is void for the reason that at the time of his preliminary examination he filed an application for a change of venue; and, in addition thereto, a motion for a continuance because of the absence of his counsel, and that the justice of the peace declined to continue said cause or to grant said change of venue which was tantamount to a denial of counsel in the preliminary examination.

All of the matters and facts set forth in the petition herein, if true, existed at the time of the appeal.   This court will not permit an accused to appeal his judgment of conviction and speculate upon his chances of securing a reversal and then, after the judgment of conviction is affirmed, come into court in a habeas corpus proceeding and raise the same or other grounds which might entitle the petitioner to a new trial or his release from custody. To do so would not be conducive to the efficient administration of our criminal laws.   If this were not so, then

156

a criminal case would never end, but after trial and conviction the court would be called upon to again try the issues by habeas corpus.

The demurrer of the respondent to the petition filed herein is sustained, and the writ is denied.

BAREFOOT, P. J., and DOYLE, J., concur.