## In re HANLEY ROYSTON BOOTH.

No. A-10220.   June 3, 1942.

(126 P. 2d 751.)

Robert Burns, of Oklahoma City, for petitioner.

Mac Q. Williamson, Atty. Gen., and Jess L. Pullen, Asst. Atty. Gen., for respondent.

JONES, J. This is an original proceeding in habeas corpus wherein the petitioner seeks his release from the State Penitentiary.

The petitioner was convicted in the district court of Custer county of the crime of obtaining money by false pretenses and sentenced to serve one year in the State Penitentiary. He took an appeal from that conviction to this court and the judgment was affirmed. For a complete statement of the facts see Booth v. State, 73 Okla. Cr. 85, 118 P. 2d 274.

The verified petition alleges that after the jury had returned their verdict of guilty against the defendant, leaving the punishment to be fixed by the court, that the trial judge, in open court, postponed the pronouncement of judgment and sentence to November 16, 1937, and told the petitioner that if he would make restitution of the sum of $115, which was the sum of money petitioner had been convicted of obtaining by false pretenses, that the court would sentence the petitioner to pay a fine of $100 and the costs of the action.

That an attorney at Clinton had been employed by the prosecutrix as special prosecutor, and the court di-

rected that the defendant pay to this special prosecutor the various sums above set forth, and that the judgment and sentence would be postponed from time to time to enable the defendant to raise this money. Various minutes of the court proceedings are set forth in the verified petition showing continuances of the time for pronouncement of judgment and sentence upon application of defendant to certain definite fixed periods of time. On June 21, 1938, the minute reads, as follows:

"This matter came on for hearing this 21st day of June, 1938, upon the defendant's Motion For a New Trial, and for Judgment and Sentence; and the defendant, Hanley Royston Booth, failed to appear, and the Court directed the issuance of a bench warrant for the arrest of said Hanley Royston Booth."

The next minute of the court reads:

"Pursuant to the bench warrant issued herein on the 21st day of June, 1938, the defendant, Hanley Royston Booth, was brought before the Court on the 19th day of July, 1938. Upon the oral application of the defendant, Hanley Royston Booth, the ruling on Defendant's Motion for a New Trial, and the judgment and sentence was continued until the 20th day of September, 1938."

Later, various other postponements of the pronouncement of judgment and sentence were made by the court, until sentence was pronounced on November 21, 1939, sentencing the petitioner to one year in the State Penitentiary. The verified petition and the proof shows that petitioner paid to the special prosecutor the sum of $155, but was unable to raise the additional amount, which, under the alleged agreement, would have been necessary to have secured the imposition of a fine instead of a prison sentence. The petition further alleges that before judgment and sentence was pronounced against petitioner, the court directed the special prosecutor to return the money which had been paid to him back to the petitioner.

It is the contention of petitioner that the court lost jurisdiction to pronounce judgment and sentence by reason of the failure of the court to pronounce judgment and sentence on June 21, 1938, or to continue the pronouncement of the judgment and sentence at that time to a definite date.

With this contention we cannot agree. It is doubtful if the court could have made an order postponing the pronouncement of the judgment and sentence to a definite date without the defendant being personally present, as this was a felony case. On that date the court did all that it was authorized to do under the facts. The defendant failed to appear for sentencing and a bench warrant was issued. It is well settled that the court may postpone the imposition of sentence as an incident to the administration of justice within its conceded powers, even after the term at which the conviction is had. Ex parte Coley, 67 Okla. Cr. 482, 94 P. 2d 968.

To sustain petitioner's contention would place it within the power of every person convicted of crime to absent himself on the date that sentence is to be pronounced, and thus, through the fault of the accused, cause the court to lose jurisdiction to pronounce the sentence. This position is untenable. The authorities cited by petitioner in support of his contention are all cases where the delays in pronouncing sentence were through no fault of the accused.

The other facts stated in the petition concerning the alleged agreement with the trial court will not be considered as they are not such as are sufficient, even if true, to deprive the court of jurisdiction.

There is another reason why the petition herein will be denied. Everything set forth in the petition filed herein was in existence and known to defendant and his coun-

sel at the time the appeal herein was filed. As was stated in the case of Ex parte Herren, 74 Okla. Cr. 154, 124 P. 2d 276, 277:

"This court will not permit an accused to appeal his judgment of conviction and speculate upon his chances of securing a reversal and then, after the judgment of conviction is affirmed, come into court in a habeas corpus proceeding and raise the same or other ground which might entitle the petitioner to a new trial or his release from custody. To do so would not be conducive to the efficient administration of our criminal laws. If this were not so, then a criminal case would never end, but after trial and conviction the court would be called upon to again try the issues by habeas corpus."

For the reasons hereinabove stated, the writ is denied.

BAREFOOT, P. J., and DOYLE, J., concur.