## Ex parte DON BAKER.

No. A-10350.   May 5, 1943.
(137 P. 2d 242.)

Mathers & Mathers, of Oklahoma City, and William M. Stringer, of Moberly, Mo., for petitioner.

Mac Q. Williamson, Atty. Gen., and Sam H. Lattimore, Asst. Atty. Gen., for respondent.

JONES, P. J.   This is an original proceeding in habeas corpus filed by Don Baker to secure his release from confinement in the State Penitentiary.

, The sole contention of petitioner is that he was tried for the murder of one Lawrence Rich and was convicted by a jury and sentenced by the court to serve 45 years in the State Penitentiary for the crime of manslaughter in the first degree.   That under the facts said killing was the result of injuries received by the deceased during an armed robbery, and that under the statute, since the killing occurred allegedly while the petitioner was committing a felony, to-wit, robbery, the crime would be murder or nothing, and that since the court erroneously submitted the issue of manslaughter in the first degree, that the court was without jurisdiction to accept and receive said verdict.

A rule to show cause was issued, and at the hearing before this court a certified copy of the information filed against defendant was introduced in evidence.   Said information alleges the murder to have been committed on the 29th day of September, 1936, by making an assault upon one Lawrence Rich with a certain blunt and dangerous weapon, identity unknown, with the premeditated design to effect the death of the said Lawrence Rich, and did strike in and upon his head with said weapon, then and thereby inflicting certain mortal wounds from which the said Lawrence Rich did on December 26, 1936, die.

Since the information does not charge the crime of murder committed while in the act of committing a felony,

but alleges an assault with a premeditated design to effect death, the court properly submitted the issue of manslaughter in the first degree in view of the fact surrounding the homicide.

However, it has been called to our attention by the Attorney General that after the conviction of petitioner his case was appealed to this court where the judgment was modified to a term of 25 years' imprisonment in the State Penitentiary and affirmed. Baker v. State, 65 Okla. Cr. 136, 83 P. 2d 586.

In the case of In re Booth, 74 Okla. Cr. 406, 126 P. 2d 751, it is stated:

"The Criminal Court of Appeals will not issue writ of habeas corpus where accused has appealed his judgment of conviction, the judgment is affirmed and questions raised in habeas corpus proceedings were in existence and known to petitioner at time of appeal and were matters which properly should have been presented by appeal.

"Criminal Court of Appeals will not permit an accused to appeal his judgment of conviction and speculate upon his chances of securing a reversal and then, after the judgment of conviction is affirmed, come into court in a habeas corpus proceeding and raise the same or other grounds which might entitle the petitioner to a new trial or his release from custody, unless the question raised is such as to show that the judgment is wholly void."

The writ of habeas corpus is denied.

BAREFOOT, J., concurs. DOYLE, J., concurs in conclusion.