Howard R. SIMPSON, Plaintiff in Error,

v.

The STATE of Oklahoma, Defendant in Error.

No. A–12537.

Criminal Court of Appeals of Oklahoma.

April 16, 1958.

Rehearing Denied June 4, 1958.

Howard R. Simpson, pro se.

Mac Q. Williamson, Atty. Gen., Sam H. Lattimore, Asst. Atty. Gen., for defendant in error.

BRETT, Presiding Judge.

This is an attempted appeal by the plaintiff in error, Howard R. Simpson, by which he seeks to obtain a consolidation of two separate and distinct cases in which he was convicted by two separate and distinct trials, and in which two separate judgments and sentences were entered. There is no provision of law by which such procedure can be pursued in two entirely unrelated and disconnected convictions. The first case upon which conviction was had against said defendant was styled State of Oklahoma v. Howard R. Simpson, No. 17005, brought in the District Court of Tulsa County, Oklahoma, for the unlawful possession of narcotic drugs after former conviction of a felony. In that case, the defendant received a judgment and sen-

tence of six years in the penitentiary. The second case upon which an attempted review is sought is case No. 17076 in the District Court of Tulsa County, Oklahoma, in which he was charged with robbery by fear after former conviction of a felony and upon which conviction he received a sentence of ten years in the penitentiary.

The plaintiff in error, being without funds, made application for an order of this Court directing that the District Court of Tulsa County, Oklahoma, be required to furnish him with casemade in both of said cases, which order was granted. Notwithstanding the lack of statutory authority in support of the procedure employed herein by the defendant, we have examined the casemades, including the informations, the evidence, the instructions, and the judgments and sentences and find that these appeals are wholly without merit. The evidence in case No. 17005 discloses that the defendant was a suspect in a forgery matter and that his automobile was searched under a valid search warrant and the narcotics found under said search. In case No. 17076, the evidence discloses that the defendant was positively identified by the victims of the robbery by fear of which he was charged. This Court has repeatedly held in considering sufficiency of evidence, the function of the Criminal Court of Appeals is limited to ascertaining whether there is basis in evidence on which the jury could reasonably conclude that the accused is guilty as charged. Dodson v. State, Okl. Cr., 284 P.2d 437; Petty v. State, Okl.Cr., 283 P.2d 209; Scott v. State, Okl.Cr., 279 P.2d 1113. No other basis for an appeal appears in the record.

The judgments and sentences appealed from are affirmed.

POWELL and NIX, JJ., concur.