In the Matter of the Habeas Corpus of
James Vernon VASSAR, Petitioner.

No. A–12726.

Court of Criminal Appeals of Oklahoma.

April 15, 1959.

James Vernon Vassar, pro se.

Mac Q. Williamson, Atty. Gen., for respondent.

PER CURIAM.

This is an original proceeding in habeas corpus filed by James Vernon Vassar to secure his release from confinement in the state penitentiary.

The records before this court show that petitioner was convicted of the crime of second degree burglary after former conviction of a felony in Tulsa County on the 19th day of December, 1956. He lodged his appeal in this court in due time and the case was affirmed on June 11, 1958. Vassar v. State, 328 P.2d 445. This application for a writ of habeas corpus was filed in this court on February 9, 1959. Petitioner now asks for his discharge upon the singular grounds that the petitioner was denied due process in that the information recites a former conviction of the crime of forging conviction being in the Federal court for United States government obligations; said the Northern district of Oklahoma for which petitioner received a sentence of

three years in the Federal reformatory at El Reno.

Petitioner contends that his restraint is illegal because the information was defective in that the Federal conviction was in no way a violation of the state statutes, and could not have constituted a basis for a subsequent prosecution. He further contends that the information did not inform as to what was to be defended against affecting the prior Federal conviction.

A review of petitioner's appeal before this court shows that in substance the things and matters raised in his application for this writ were raised by direct appeal which was affirmed as heretofore stated.

 In such cases this court has consistently refused to entertain a writ of habeas corpus to review matters that could have been raised or were incorporated in a former appeal. This court, in the case of In re Booth, 74 Okl.Cr. 406, 126 P.2d 751. stated:

"The Criminal Court of Appeals will not issue writ of habeas corpus where accused has appealed his judgment of conviction, the judgment is affirmed and questions raised in habeas corpus proceedings were in existence and known to petitioner at time of appeal and were matters which properly should have been presented by appeal.

"Criminal Court of Appeals will not permit an accused to appeal his judgment of conviction and speculate upon his chances of securing a reversal and then, after the judgment of conviction is affirmed, come into court in a habeas corpus proceeding and raise the same or other grounds which might entitle the petitioner to a new trial or his release from custody, unless the question raised is such as to show that the judgment is wholly void."

The writ of habeas corpus is denied.