**In re Application of Howard R. SIMPSON,**
No. 59575.

No. A–12913.

Court of Criminal Appeals of Oklahoma.
June 8, 1960.

Howard R. Simpson, petitioner, pro se.

Mac Q. Williamson, Atty. Gen., Lewis A. Wallace, Asst. Atty. Gen., for the State.

POWELL, Presiding Judge.

This petitioner filed herein what he styles a "Petition for Writ of Error", which he attempts to file in a case determined by this Court two years ago. The writ of error was abolished by the State of Oklahoma in 1910. 12 O.S.1951 § 980.

However, in order to dispose of this case once again and for all time, we have permitted the petition to be filed, and have treated it as a petition for writ of habeas corpus.

The history of this case is about as follows: This petitioner was convicted in two cases in the district court of Tulsa County. In case No. 17005 he was convicted on a charge of possession of narcotic drugs after former conviction of a felony, and sentenced to serve six years in the State Penitentiary. In case No. 17076 he was convicted of robbery by fear, after former conviction of a felony, and given a sentence of ten years in the penitentiary. Upon the application of the defendant, this Court ordered Tulsa County to furnish to the defendant transcripts of the evidence and proceedings in the two cases; which was done.

The petitioner here attempted to have the two cases consolidated and to ap-

peal from both judgments and sentences, without the benefit of an attorney to advise him. This Court has often held that proceedings filed by an inmate of the penitentiary, without advice or assistance of an attorney, will be carefully scrutinized and liberally construed. Ex parte Cassidy, 83 Okl.Cr. 159, 174 P.2d 271; Ex parte Fisher, 88 Okl.Cr. 1, 199 P.2d 238; Ex parte Sherrill, Okl.Cr., 285 P.2d 469, and cases cited. We therefore considered the appeal of the defendant in the two cases, and every consideration was given to the records, and the judgments were affirmed. Simpson v. State, Okl.Cr., 325 P.2d 1118. Defendant filed a petition for rehearing, which was also duly considered and denied. Thereafter and on November 19, 1958, this petitioner was permitted to file a petition for habeas corpus, and the same was by this Court denied.

It has often been held that where a case is appealed to this Court, and the judgment of conviction affirmed, petition for writ of habeas corpus will be denied. Ex parte Baker, 76 Okl.Cr. 396, 137 P.2d 242; In re Solomon, 82 Okl.Cr. 46, 165 P.2d 843; Peoples v. McLeod, Okl.Cr., 306 P.2d 364.

The general rule of this Court, as often announced, is that where a petitioner is in custody under sentence of conviction, and seeks his discharge on habeas corpus, the inquiry is limited to the questions of whether or not the court in which the prisoner was convicted had jurisdiction of the person of the defendant and of the crime charged, and if the court had jurisdiction to render the particular judgment. Ex parte Fisher, supra, and cases cited.

All of the matters and facts set forth in the petition herein, if true, existed at the time of the appeal. This Court will not permit an accused to appeal his judgment of conviction and speculate upon his chances of securing a reversal and then, after the judgment of conviction is affirmed, come into court in a habeas corpus proceeding and raise the same or other grounds which might entitle the petitioner to a new trial, or his release from custody.

Ex parte Herren, 74 Okl.Cr. 154, 124 P.2d 276; In re Vassar, Okl.Cr., 338 P.2d 359; Massey v. Raines, Okl.Cr., 346 P.2d 733.

The writ is denied.

NIX and BRETT, JJ., concur.