**Application of J. B. BROCK, No. 62160 for Writ of Habeas Corpus.**

**No. A–12966.**

Court of Criminal Appeals of Oklahoma.

Dec. 21, 1960.

J. B. Brock, pro se.

Mac Q. Williamson, Atty. Gen., Owen J. Watts, Asst. Atty. Gen., for respondent.

POWELL, Presiding Judge.

This is an original application for writ of habeas corpus brought by the petitioner, J. B. Brock (No. 62160), who complains that he is being unlawfully detained in the State Penitentiary by the Warden thereof.

Petitioner alleges that the cause of his restraint is a certain judgment and sentence entered against him in the Superior Court of Okmulgee County, Henryetta Division, for manslaughter in the first degree, wherein he was sentenced to serve twenty-five years in the State Penitentiary.

An appeal of petitioner's conviction was duly perfected to this Court, and the judg-ment and sentence thereon imposed was affirmed herein on February 3, 1960. Brock v. State, Okl.Cr., 349 P.2d 20, 22.

Herein petitioner complains that he did not have a fair trial, complains of the conduct of his attorney in the trial court, and of the evidence admitted.

The Attorney General on behalf of the respondent Warden has filed his motion for dismissal of the petition for the reasons and on the grounds that the petition does not state a cause of action in behalf of the petitioner; no jurisdictional questions are raised by the petition, and no affidavits are filed by the petitioner attacking the jurisdiction of the trial court; that the record discloses that the trial court had jurisdiction of the person as well as of the subject matter; and, finally, that the case was appealed to this Court where petitioner was represented by able counsel, and that all matters and things raised in his application for writ of habeas corpus were considered by this Court in the appeal.

In passing upon the appealed case, all of the facts, evidence and the defenses of the defendant were carefully gone into. This Court in the body of the opinion stated that the defendant therein "was represented by diligent court-appointed counsel." The case was well briefed by his attorney, and in concluding the opinion, the Court said: "This case demonstrates the effectiveness and hard work of court appointed counsel, and the expense the State goes to, to see that no citizen is convicted without due process of law."

This Court has been consistent in adhering to the rule laid down in the case of In re Vassar, Okl.Cr., 338 P.2d 359, where it was said:

"The Court of Criminal Appeals will not issue writ of habeas corpus where accused has appealed his judgment of conviction, the judgment is affirmed and question raised in habeas corpus proceedings were in existence and known to petititioner at time of appeal and were matters which proper-

ly should have been presented by appeal."

And see In re Yarbrough, Okl.Cr., 295 P.2d 826; and Parker v. Rains, Warden, 347 P.2d 1045; In re Igo, Okl.Cr., 331 P.2d 969.

We do not find that anything occurred in the trial that was of so fundamental a nature as to cause the trial court to lose jurisdiction, and we believe the defendant had a fair and impartial trial.

The petitioner having failed to establish the right to relief by habeas corpus, and in the opinion of the Court the motion of the respondent being well taken, said motion is sustained and the petition herein is dismissed.

NIX and BRETT, JJ., concur.