**Arley WARD, Petitioner,**

v.

**R. R. RAINES, Warden, Oklahoma State Penitentiary, Respondent.**

**No. A–13002.**

Court of Criminal Appeals of Oklahoma.
March 29, 1961.

Arley Ward, Petitioner, pro se.

Mac Q. Williamson, Atty. Gen., Lewis A. Wallace, Asst. Atty. Gen., for respondent.

PER CURIAM.

Petitioner filed herein a proceedings, titled habeas corpus, to secure his release from confinement in the Oklahoma State Penitentiary.

The record before the Court reflects that petitioner was charged with murder by information in the district court of Tulsa County. He was tried before a jury and after all the testimony was in and both state and defendant rested their case, petitioner, after a brief recess, withdrew his plea of not guilty and entered a plea of guilty. He was sentenced to 40 years in the Oklahoma State Penitentiary.

It has been called to the attention of the court by the attorney general that after petitioner's conviction his case was appealed to this Court and was affirmed. Ward v. State, 90 Okl.Cr. 120, 210 P.2d 790. The appeal was lodged in this Court on May 15, 1958; an opinion was rendered by the Court affirming said case on October 19, 1949. In that appeal petitioner was represented by able counsel who filed therein a very thorough brief.

 This Court has stated in numerous decisions the rule as adopted in In re Booth, 74 Okl.Cr. 406, 126 P.2d 751, wherein the Court said:

"The Criminal Court of Appeals will not issue writ of habeas corpus where accused has appealed his judgment of conviction, the judgment is affirmed and questions raised in habeas corpus proceedings were in existence and known to petitioner at time of appeal and were matters which properly should have been presented by appeal."

The Court further said:

"Criminal Court of Appeals will not permit an accused to appeal his judgment of conviction and speculate upon his chances of securing a reversal and then, after the judgment of conviction is affirmed, come into court in a habeas corpus proceedings and raise the same or other grounds which might entitle the petitioner to a new trial or his release from custody; unless the question raised is such as to show that judgment is wholly void."

Also see Ex parte Herren, 74 Okl.Cr. 154, 124 P.2d 276, 277. In the Herren case the Court said in substance to permit relief by habeas corpus after an appeal has been affirmed "would not be conducive to the efficient administration of our criminal laws. If this were not so, then a criminal case would never end, but after trial and conviction the court would be called upon to again try the issues by habeas corpus."

 For the above and foregoing reasons and authorities cited herein, the writ is denied.