**Johnny Jay BARRETT, OSP No. 62914,**
**Petitioner,**

v.

**R. R. RAINES, Warden, Oklahoma State**
**Penitentiary, Respondent.**

**No. A–13045.**

Court of Criminal Appeals of Oklahoma.

Oct. 4, 1961.

Johnny Jay Barrett, pro se.

Mac Q. Williamson, Atty. Gen., Lewis A. Wallace, Asst. Atty. Gen., for respondent.

BRETT, Judge.

This is an original action in habeas corpus wherein the petitioner, Johnny Jay Barrett, OSP No. 62914, seeks to secure his release from confinement in the State Penitentiary, where he is presently serving two sentences, both entered on October 29, 1959 in the district court of Garvin County, Oklahoma.

In case No. 2949 in the district court of Garvin County the defendant was convicted for burglary in the second degree, second and subsequent offense, and was sentenced to serve twenty years in the State Penitentiary. In case No. 2974 in said court defendant entered a plea of guilty to a charge of burglary in the second degree, second and subsequent offense, and received a sentence of ten years in the penitentiary, the sentence to run concurrently with the sentence in case No. 2949.

The Attorney General has filed a response in behalf of the Warden, to which he attaches copy of the information filed in case No. 2949, copies of the judgments and sentences in both cases, and a copy of petitioner's prison record.

It is called to our attention in the response that this petitioner appealed the case in which he was given twenty years, and that the time for appeal of the other case has long since expired.

In the case appealed, this court on December 14, 1960 modified the judgment and sentence from twenty to eighteen years, and as so modified affirmed the judgment and sentence. Barrett v. State, Okl.Cr., 357 P.2d 1020. Petitioner was represented by able counsel, who filed a very thorough brief in his behalf in the appealed case.

This court has stated in numerous decisions that where a defendant is represented by counsel at his trial, is tried and convicted, perfects his appeal to this court and the judgment and sentence is affirmed, the Court of Criminal Appeals will not thereafter entertain a petition for habeas corpus on the same ground or grounds existing at the time of appeal, or any other grounds which should have been called to the attention of the court on appeal.

In the case of In re Booth, 74 Okl. Cr. 406, 126 P.2d 751, we said:

"The Court of Criminal Appeals will not issue writ of habeas corpus where accused has appealed his judgment of conviction, the judgment is affirmed and questions raised in habeas corpus proceedings were in existence and known to petitioner at time of appeal and were matters which properly should have been presented by appeal.

"Court of Criminal Appeals will not permit an accused to appeal his judgment of conviction and speculate upon his chances of securing a reversal and then, after the judgment of conviction is affirmed, come into court in a habeas corpus proceeding and raise the same or other grounds which might entitle the petitioner to a new trial or his release from custody, unless the question raised is such as to show that the judgment is wholly void."

And see also Ex parte Baker, 76 Okl.Cr. 396, 137 P.2d 242; Ex parte Collins, 83 Okl.Cr. 296, 176 P.2d 507; Ward v. Raines, Warden, Okl.Cr., 360 P.2d 953, and cases cited.

The writ of habeas corpus is denied.

NIX, P. J., and BUSSEY, J., concur.