James William FLETCHER, Petitioner,

v.

Robert R. RAINES, Warden Oklahoma State Penitentiary, Respondent.

No. A–13163.

Court of Criminal Appeals of Oklahoma.

March 7, 1962.

James William Fletcher, pro se.

Mac Q. Williamson, Atty. Gen., Lewis A. Wallace, Asst. Atty. Gen., for respondent.

BUSSEY, Judge.

This is an original proceeding in habeas corpus filed by James William Fletcher to secure his release from confinement in the State Penitentiary.

The record discloses that the petitioner was convicted of Robbery by Force on his trial in the District Court of Logan County, Oklahoma, and on the 13th day of May, 1960, was sentenced to a term of ten years in the State Penitentiary at McAlester.

Timely appeal from such judgment and sentence was taken to this court, and on June 7, 1961, the judgment and sentence were affirmed. See, Fletcher v. State of Oklahoma, Okl.Cr., 364 P.2d 713.

Petitioner attacks the validity of the judgment and sentence for the following reasons:

1. That the State's prosecuting witness, Verla Nadine Sanders, could not and would not identify petitioner until she was intimidated and coerced to do so by the prosecuting authorities.

2. That by threats, duress and force, the prosecuting witness was compelled to testify against petitioner at the preliminary hearing against her will, after being arrested and held in jail without charge or warrant for three days; and was then released on bond to appear at said preliminary hearing as a State witness in violation of state statutes.

3. That after the State's prosecuting witness had testified at said preliminary, she was released from bond and was not forced to make another bond for her appearance in the District Court of Logan County.

4. That the trial court permitted said preliminary testimony to be introduced in evidence at the trial in the District Court of Logan County over the objections of petitioner's counsel, and upon which said illegal evidence petitioner's conviction was obtained as a result thereof.

5. That petitioner was denied the right to be confronted by said witness, and was denied the right to cross-examine said witness, all of which was in violation of the statutes and the Constitution of Oklahoma.

■■ A review of the record and of petitioner's application for said writ reveals that in substance the things and matters raised in his application for this writ were raised, or could have been raised, by direct appeal which was affirmed as heretofore stated.

In such cases, this court has consistently refused to entertain a writ of habeas corpus to review matters that could have been raised or were incorporated in a former appeal.

In the case of In re Booth, 74 Okl.Cr. 406, 126 P.2d 751, this court stated:

"The Criminal Court of Appeals will not issue writ of habeas corpus where accused has appealed his judgment of conviction, the judgment is affirmed and questions raised in habeas corpus proceedings were in existence and known to petitioner at time of appeal and were matters which properly should have been presented by appeal.

"Criminal Court of Appeals will not permit an accused to appeal his judgment of conviction and speculate upon his chances of securing a reversal and then, after the judgment of conviction is affirmed, come into court in a habeas corpus proceeding and raise the same or other grounds which might entitle the petitioner to a new trial or his release from custody, unless the question raised is such as to show that the judgment is wholly void." See In Matter of Habeas Corpus of Vassar, Petitioner, Okl.Cr., 338 P.2d 359.

For the reasons above set out, the Writ is Denied, and the Action Dismissed.

NIX, P. J., and BRETT, J., concur.