Richard B. JOHNSON, Petitioner,

v.

The STATE of Oklahoma and Ray Page, Warden, Oklahoma State Penitentiary, Respondents.

No. A–13420.

Court of Criminal Appeals of Oklahoma.

Oct. 16, 1963.

Richard B. Johnson, pro se.

Charles Nesbitt, Atty. Gen., Hugh H. Collum, Asst. Atty. Gen., for respondents.

JOHNSON, Judge.

This is an original proceeding in habeas corpus wherein the petitioner seeks his release from the State Penitentiary.

Petitioner simply alleges that he is illegally restrained by Oklahoma. The records of this Court show that the cause of his restraint is a certain judgment and sentence entered against him in the Superior Court of Comanche County, wherein he was convicted of the crime of sodomy, and sentenced to serve ten years in the State Penitentiary.

The Attorney General, on behalf of the State and the Warden of the Penitentiary, has filed a response to the petition, calling our attention to the fact that petitioner's conviction was duly appealed to this Court, and the judgment and sentence therein imposed was affirmed on January 9, 1963. Johnson v. State, Okl.Cr., 380 P.2d 284. In passing upon the appealed case, all of the facts, evidence and the defenses of the defendant were carefully considered.

This petitioner was represented by counsel in the trial court, and in this Court his appeal was presented by one of the leading attorneys of the Oklahoma Bar.

There is nothing to indicate that the trial court did not have jurisdiction of the person of the accused, of the subject matter, and authority to render the judgment and sentence pronounced. In the case of Ex parte Smith, 83 Okl.Cr. 199, 174 P.2d 851, this Court said:

"Where a prisoner in custody under sentence of conviction seeks to be discharged on habeas corpus, the inquiry is limited to the questions whether the court in which the prisoner was convicted had jurisdiction of the person of the defendant and of the crime charged, and did the court have jurisdiction to render the particular judgment."

This Court has consistently held that where a defendant is represented by counsel, is tried and convicted, perfects an appeal to this Court and the judgment and sentence of the lower court is affirmed, it will not later entertain a petition for writ of habeas corpus on the same ground or grounds existing at the time of the appeal, or any other grounds which should have been called to the attention of the court by the appeal. Hovis v. State, 83 Okl.Cr. 299, 173 P.2d 833; In re Booth, 74 Okl.Cr. 406,

126 P.2d 751; Ex parte Baker, 76 Okl.Cr. 396, 137 P.2d 242.

The writ of habeas corpus does not deal with errors or irregularities which render proceedings voidable merely, but such only as render them absolutely void. Ex parte Lyde, 17 Okl.Cr. 618, 191 P. 606; Matthews v. Raines, Okl.Cr., 356 P.2d 783. To be entitled to a discharge, the judgment must be void. Ex parte Barnette, 29 Okl. Cr. 80, 232 P. 456.

For the reasons stated, the writ of habeas corpus is denied.

BUSSEY, P. J., and NIX, J., concur.