Eugene Wendell WALTERS, Petitioner,

v.

Ray H. PAGE, Warden and the State of
Oklahoma, Respondents.

No. A–13896.

Court of Criminal Appeals of Oklahoma.

March 9, 1966.

Eugene Wendell Walters, pro se.

Charles Nesbitt, Atty. Gen. of Oklahoma, for respondents.

BUSSEY, Presiding Justice:

On the 28th day of April, 1964, Eugene Wendell Walters was sentenced to serve a term of ten years in the State Penitentiary after having been convicted in the District Court of Oklahoma County for the crime of Assault With a Dangerous Weapon, After Former Conviction of a Felony. A timely appeal was perfected to this Court and the judgment and sentence appealed from was affirmed in an opinion written by the Honorable Kirksey Nix and reported as Walters v. State, Okl.Cr., 403 P.2d 267.

The petitioner now seeks his release in a petition for habeas corpus alleging as grounds therefor errors which were, or could have been, presented in his original appeal, and it is apparent that the trial court had jurisdiction over the person, subject matter and authority under law to pronounce the judgment and sentence imposed. A similar situation existed in Application of Brock, Okl.Cr., 358 P.2d 236, wherein this Court, speaking through the Honorable John C. Powell, had this to say in the Syllabus:

"1. Court of Criminal Appeals will not issue writ of habeas corpus where accused has appealed his judgment of conviction, judgment has been affirmed, and questions raised in habeas corpus proceeding were in existence and were properly considered and passed upon in appeal.

2. Court of Criminal Appeals will not permit an accused to appeal his judgment of conviction and speculate upon his chances of securing reversal and then, after judgment of conviction has been affirmed, come into court in habeas court proceeding and raise same questions as grounds for release unless question raised is such as to show judgment wholly void.

3. Where the trial court under the law is vested with jurisdiction of the subject matter, and has jurisdiction of the person of the defendant and does not exceed its authority in pronouncing judgment and sentence, such court has jurisdiction, and if it does nothing to lose jurisdiction its judgment is not subject to attack by habeas corpus."

In accordance with Application of Brock, supra, the writ prayed for is denied.

BUSSEY, P. J., NIX, and BRETT, JJ., concur.