**James Dwain HAMPTON, #71235,**
**Petitioner,**

v.

**Ray H. PAGE, Warden, and The State of**
**Oklahoma, Respondents.**

**No. A–13908.**

Court of Criminal Appeals of Oklahoma.
March 16, 1966.

James Dwain Hampton, pro se.

Charles Nesbitt, Atty. Gen., Hugh H. Collum, Asst. Atty. Gen., for respondents.

BRETT, Judge:

This is an original action in habeas corpus instituted by the petitioner, James Dwain Hampton, for the purpose of securing his release from confinement in the state penitentiary.

The records before this court show that petitioner was convicted of murder in Kiowa County, Oklahoma, charged to have been committed on February 25, 1964. Trial was had on December 1, 1964, and defendant was found guilty by a jury and sentenced to life imprisonment. He lodged his appeal from said judgment and sentence in this court in due time, and the case was affirmed October 6, 1965. Attorneys for petitioner presented a petition for rehearing, which was denied November 10, 1965. Hampton v. State, Okl.Cr., 407 P.2d 210. The application for writ of habeas corpus was filed herein January 18, 1966.

Petitioner now asks for his discharge upon the grounds that he was denied due process in that he was held in the county jail without bond for 265 days from the time of his arrest and charge with murder to his trial. This is a matter that can not be taken up and considered at this late date, in a habeas corpus proceeding.

Defendant further complains of the manner in which his attorneys conducted his trial. The record before us shows that this defendant was represented by two able attorneys of his own choice throughout his trial; that such attorneys properly appealed his conviction, and presented an able brief and oral argument in this court in behalf of the defendant.

All of the allegations of the petition are either merely conclusions of law or they present propositions which were thoroughly considered on the appeal, and decided adversely to the accused. Nothing was alleged in the petition or presented on behalf of the accused at the hearing which would show that the judgment was void.

This court has been consistent in adhering to the rule laid down in the case

of In re Booth, 74 Okl.Cr. 406, 126 P.2d 751, where the court said:

> "The Criminal Court of Appeals will not issue writ of habeas corpus where accused has appealed his judgment of conviction, the judgment is affirmed and questions raised in habeas corpus proceedings were in existence and known to petitioner at time of appeal and were matters which properly should have been presented by appeal.
>
> "Criminal Court of Appeals will not permit an accused to appeal his judgment of conviction and speculate upon his chances of securing a reversal and then, after the judgment of conviction is affirmed, come into court in a habeas corpus proceeding and raise the same or other grounds which might entitle the petitioner to a new trial or his release from custody, unless the question raised is such as to show that the judgment is wholly void."

See also Ex parte Baker, 76 Okl.Cr. 396, 137 P.2d 242; In re Yarbrough, Okl. Cr., 295 P.2d 826; In re Vassar, Okl.Cr., 338 P.2d 359, and cases cited.

The writ of habeas corpus is denied.

BUSSEY, P. J., and NIX, J., concur.