Larry Gail LINEBARGER, #72360, Petitioner,

v.

Ray H. PAGE, Warden, and the State of Oklahoma, Respondents.

No. A–14267.

Court of Criminal Appeals of Oklahoma.

June 14, 1967.

[redacted]

[redacted]

Larry Gail Linebarger, pro se.

G. T. Blankenship, Atty. Gen., Hugh H. Collum, Asst. Atty. Gen., for respondents.

BRETT, Judge:

This is an original petition for writ of habeas corpus by the petitioner, Larry Gail Linebarger, who complains that he is being unlawfully detained in the state penitentiary by the Warden thereof.

Petitioner alleges that the cause of his restraint is a certain judgment and sentence entered against him in the district court of Tulsa County, Oklahoma, on a charge of burglary in the second degree, wherein he was sentenced to serve from five to fifteen years in the state penitentiary.

Petitioner also alleges that on January 6, 1967 he filed a petition in the district court of Tulsa County seeking a writ of error coram nobis, and that no action has been taken thereon, and that said sentence should be set aside and vacated, and petitioner released from confinement.

The Attorney General has filed a response to the petition, wherein he states that the petition for writ of error filed by this petitioner was denied on April 27, 1967, and the petitioner was duly notified of such action by the judge of said court, the Hon. Leslie Webb; and hence said petition is now moot.

Our attention has been called to the fact that an appeal was perfected by this petitioner to this Court, and the judgment and sentence imposed was affirmed on July 6, 1966, and a rehearing denied on December 14, 1966. Linebarger v. State, Okl.Cr., 420 P.2d 918. In the trial of the case, and on the appeal to this Court, petitioner was represented by able counsel. We further find that the charge against this petitioner was that of burglary in the second degree, after former convictions of felonies, and that the jury returned verdicts of guilty on the two-phase charge, and assessed the punishment. In passing upon the appeal, all of the facts, evidence and defenses of the defendant were carefully gone into, and reference is made to that opinion.

[redacted] This Court has been consistent in adhering to the rule laid down in the case of Ex parte Baker, 76 Okl.Cr. 396, 137 P.2d 242, where we said:

"The Criminal Court of Appeals will not issue writ of habeas corpus where accused has appealed his judgment of conviction, the judgment is affirmed and questions

raised in habeas corpus proceedings were in existence and known to petitioner at time of appeal and were matters which properly should have been presented by appeal."

See also: In re Vassar, Okl.Cr., 338 P.2d 359; Application of Brock, Okl.Cr., 358 P. 2d 236; Barrett v. Raines, Okl.Cr., 365 P. 2d 395, and cases cited.

The petitioner having failed to establish the right to relief by habeas corpus, the writ is denied.

NIX, P. J., and BUSSEY, J., concur.