Hubert Vernon BALES, Plaintiff in Error,

v.

The STATE of Oklahoma, Defendant in Error.

No. A-14217.

Court of Criminal Appeals of Oklahoma.

July 12, 1967.

Rehearing Denied Aug. 14, 1967.

Jay D. Dalton, Tulsa, for plaintiff in error.

G. T. Blankenship, Atty. Gen., Hugh H. Collum, Asst. Atty. Gen., for defendant in error.

## MEMORANDUM OPINION

BUSSEY, Judge:

Hubert Vernon Bales, hereinafter referred to as defendant, was charged, tried and convicted for the crime of Second Degree Burglary, After Former Conviction of a Felony, in the District Court of Tulsa County, Oklahoma, and his punishment fixed at 11 to 33 years, an indeterminate sentence, in the State Penitentiary at Mc-Alester, Oklahoma. From that judgment and sentence he has appealed to this Court, raising three assignments of error, which are as follows:

"1. Failure of the Court in denying defendant's motion for mistrial which should have been granted inasmuch as the County Attorney was allowed to introduce former arrest involving defendant's witness, Linda Rodgers.

2. Error of the Court committed during the course of said trial in refusing to permit the introduction of certain testimony in evidence in behalf of this defendant and irregularity in the proceedings of the Court, by which the defendant was prevented from having a fair trial.

3. Excessive punishment appearing to have been given under the influence of passion and prejudice."

In considering defendant's first assignment of error, we observe that the witness, Linda Rodgers, a co-defendant of the defendant, testified in behalf of defendant that she had pled guilty to this offense and that the defendant was not a participant in the crime, but that her husband and a third man identified as Sam Momburg had committed the offense for which the defendant was on trial. She testified in substance that she was a casual acquaintance of the defendant's. Thereafter, on cross-examination, this witness admitted three felony convictions and volunteered that she had been arrested on numerous occasions and was asked if she had not been arrested in the company of Hubert Vernon Bales. The only objection to this line of ques-

tioning appears when counsel for defendant objected for the following reason:

"MR. LARKIN: If the Court please, I am going to object to that. I think the witness has trouble with the word 'company'.

It was not until after the State had rested its case in chief that the defendant moved for a mistrial on the grounds that:

"MR. LARKIN: Comes now the defendant Hubert Vernon Bales, and renews his motion to the Court to make and enter a mistrial in the above entitled cause, because of the misconduct of the County Attorney, and error committed by the Court, the County Attorney, over objection of counsel, whereby the County Attorney was permitted to ask the witness Linda Rodgers whether or not she had ever been arrested with Hubert Vernon Bales before.

THE COURT: Overruled.

MR. LARKIN: Exception."

▪ The proper time for interposing objections to an improper question propounded by the County Attorney is when the question is asked. If the Court overrules the objection and allows the witness to answer, exceptions should be taken at that time to the ruling of the court and counsel for the defendant should move for a mistrial. When this is not done, any objection to the improper question and answer is waived and will not be considered by this Court on appeal. In the instant case we observe that the witness voluntarily stated that she had been arrested on many occasions, without objection. This witness was permitted to answer that she had not been arrested in the presence of the defendant.

▪ For the same reason the defendant's assignment of error that the State committed error in introducing testimony of Of-

ficer Randolph that he had arrested the witness when she was in the company of the defendant, must fail, for the only objection to this testimony came prior to the testimony of Officer Randolph when the defendant objected to the State's being permitted to offer rebuttal testimony because "the court has refused permission of the defendant to recall the witness Mr. Duffell in rebuttal for cross-examination." This objection falls far short of preserving any objection counsel for defense might have interposed to the testimony of Officer Randolph relating witness' prior arrest in the company of the defendant.

▪ This leads us to a consideration of the defendant's assignment of error that the court erred in not allowing him to recall witness Duffell as a rebuttal witness and cross-examine him. We believe the answer to this assignment of error is readily apparent. Had counsel for defendant wished to cross-examine witness Duffell more extensively, he could have done so while this witness was on the stand. Moreover, the court correctly stated that counsel for defendant could present this witness as his own witness in rebuttal, but he could not, on rebuttal, renew his cross-examination of this witness.

▪ The defendant's final assignment of error that the punishment imposed by the jury was excessive is not supported by the record, since the punishment imposed was well within the range provided by law. We believe that the facts in the instant case amply support the verdict of the jury, for the defendant was observed escaping from the burglarized premises by a police officer who knew him well.

For all of the reasons above set forth, the judgment and sentence appealed from is affirmed.

NIX, P. J., and BRETT, J., concur.