Ira Leo SPEER, #71794, Petitioner,

v.

The STATE of Oklahoma, Respondent.

No. A–14394.

Court of Criminal Appeals of Oklahoma.

Oct. 4, 1967.

---

Ira Leo Speer, pro se.

G. T. Blankenship, Atty. Gen., Hugh H. Collum, Asst. Atty. Gen., for respondent.

NIX, Presiding Judge:

This is an original proceeding filed by the petitioner, Ira Leo Speer, for a writ of habeas corpus and/or post-conviction appeal. Petitioner does not designate which, and since his conviction has been appealed to this Court, we will assume this is a petition for writ of habeas corpus.

Petitioner was convicted of Burglary Second Degree in the District Court of Oklahoma County; said conviction filed in this Court as an appeal, and an opinion rendered on February 2, 1966, cited as Okl.Cr., 410 P.2d 770, affirming said conviction.

Petitioner raises nothing in this petition that was not considered in his appeal, and this Court has held repeatedly, as in the case of Jackson v. Page, Okl.Cr., 411 P.2d 555:

"[A]fter a person has appealed his conviction and judgment of conviction has been affirmed, he may not obtain release in habeas corpus on the grounds raised in appeal, or any other grounds which might entitle him to new trial and which were in existence and known to defendant at time his appeal was filed".

And, further in In re Brock, Okl.Cr., 358 P.2d 236; Barrett v. Raines, Okl.Cr., 365 P.2d 395; and, Linebarger v. Page, Okl.Cr., 429 P.2d 540:

"Court of Criminal Appeals will not issue writ of habeas corpus where accused has appealed his judgment of conviction, judgment has been affirmed, and questions raised in habeas corpus proceeding were in existence and were properly considered and passed upon in appeal."

Petitioner has also previously applied for writ of habeas corpus, cited as Speer v. Page, Okl.Cr., 415 P.2d 176, which was denied.

Therefore, this Court is of the opinion that this application fails to allege any new matter or any matters not previously considered by this Court. The writ is accordingly denied.

BUSSEY and BRETT, JJ., concur.