Jesse William PAYNE, O.S.P. #71526, Petitioner,

v.

Ray PAGE, Warden, State Penitentiary, The District Court of Oklahoma County, and the State of Oklahoma, Respondents.

No. A–14125.

Court of Criminal Appeals of Oklahoma.

Feb. 14, 1968.

George L. Hill, McAlister, Okl., Atty. for Plaintiff.

G. T. Blankenship, Atty. Gen., for Defendants.

## MEMORANDUM OPINION

BRETT, Judge.

Jesse William Payne, without the assistance of an attorney, prepared and filed in this Court his petition for release from the State Penitentiary by writ of habeas corpus.

Petitioner alleges that he is presently serving a sentence of 20 years assessed by the district court of Oklahoma County, wherein he was convicted of the crime of robbery with firearms, after former conviction of a felony.

Petitioner admits that his conviction was appealed to this Court, and his sentence was modified from 20 to 17 years, and as so modified was affirmed, and rehearing subsequently denied. Payne v. State, Okl.Cr. App., 403 P.2d 791. (It is noted by the Court that on petitioner's trial and on his appeal to this Court he was represented by one of the leading lawyers in criminal practice of the Oklahoma Bar.)

 It has been consistently held by this Court that where the accused has appealed his conviction to this Court, and the judgment of conviction has been affirmed, and the questions raised in habeas corpus proceedings thereafter filed were in existence and known to petitioner at the time of his appeal, and were matters which properly should have been presented on appeal, the writ of habeas corpus will be denied. Ex parte Baker, 76 Okl.Cr. 396, 137 P.2d 242; Peoples v. McLeod, Okl.Cr.App., 306 P.2d 364; Re Application of Simpson, Okl.Cr. App., 353 P.2d 28; Hampton v. Page, Okl. Cr.App., 412 P.2d 202, and many cases cited.

Again, this Court has followed the well established rule that where a prisoner in custody under sentence of conviction seeks to be discharged by writ of habeas corpus, the inquiry is limited to the question whether the court in which the prisoner was convicted had jurisdiction of the person of the defendant and of the crime charged, and had jurisdiction to render the particular judgment and sentence. Ex parte Van-derburg, 73 Okl.Cr. 21, 117 P.2d 550; In re Charles, Okl.Cr.App., 344 P.2d 1118; In re Mitchell, Okl.Cr.App., 389 P.2d 647. There is nothing in the proceeding before us to indicate that the trial court did not have proper jurisdiction.

The Attorney General has filed a demurrer to the petition herein; and the District Attorney of Oklahoma County filed a response to the rule to show cause issued by this Court, stating that the petition should be dismissed.

The demurrer is sustained, and the petition is dismissed.

NIX, P. J., and BUSSEY, J., concur.