**Rush O. NICHOLS, O.S.P. #72957, Petitioner,**

**v.**

**Ray H. PAGE, Warden, and the State of Oklahoma, Respondents.**

**No. A–14659.**

Court of Criminal Appeals of Oklahoma.

May 22, 1968.

Rush O. Nichols, pro se.

G. T. Blankenship, Atty. Gen., Hugh H. Collum, Asst. Atty. Gen., for respondents.

BRETT, Judge.

This is an original proceeding in habeas corpus filed by Rush O. Nichols to secure his release from confinement in the State Penitentiary.

It has been called to the attention of the Court by the Attorney General in his response filed to the petition, that after the conviction of this petitioner, his case was appealed to this Court, and affirmed.

Nichols v. State, Okl.Cr., 415 P.2d 184, to which reference is here made.

This petitioner entered a plea of guilty in the district court of Tulsa County on a charge of robbery with firearms, after former conviction of felony, and was sentenced to ten years in the State Penitentiary.

In Ex parte Baker, 76 Okl.Cr. 396, 137 P.2d 242, this Court held:

"Criminal Court of Appeals will not permit an accused to appeal his judgment of conviction and speculate upon his chances of securing a reversal, and then, after the judgment of conviction is affirmed, come into court in a habeas corpus proceeding and raise the same or other grounds which might entitle the petitioner to a new trial or his release from custody, unless the question raised is such as to show that the judgment is wholly void."

See also In re Booth, 74 Okl.Cr. 406, 126 P.2d 751.

In this proceeding petitioner raises the complaint that his court-appointed attorney failed to file a brief in his behalf, when his case was appealed.

It appears that this petitioner entered a plea of not guilty to the charge on August 18, 1965, at which time his attorney was present with him. Thereafter, on November 12, 1965 defendant appeared in court with his counsel, withdrew his plea of not guilty, and entered a plea of guilty.

■ ■ It is the finding of this Court that inasmuch as petitioner's conviction was on a plea of guilty, and there was no record of a trial to submit, he was afforded a full review of his conviction on the transcript before this Court. The Court thoroughly examined the transcript for fundamental errors, and none were found; and it is our opinion that a brief by his counsel would not have been of value to this Court, it being apparent from the record that petitioner's plea of guilty was not entered involuntarily or inadvertently, or without the aid of counsel. Failure of counsel to file an appellate brief is not grounds, under the circumstances of this matter, for a post conviction appeal, or a release by writ of habeas corpus.

This petitioner has further requested by letter, oral argument, with petitioner present with competent counsel appointed by this Court, who has conferred with petitioner and discussed his case with him.

■ This Court does not have the funds with which to employ counsel for a petitioner, or to pay his expenses from the penitentiary to appear before the Court, and petitioner does not offer to pay his own expenses to appear. Under the conditions we have set forth, we see no reason for oral argument.

Writ denied.

NIX, P. J., and BUSSEY, J., concur.