**Lavon William AUSTIN, Petitioner,**

v.

**Ray H. PAGE, Warden, Oklahoma State Penitentiary, Respondent.**

**No. A–14929.**

Court of Criminal Appeals of Oklahoma.

Feb. 5, 1969.

---

Lavon William Austin, pro se.

G. T. Blankenship, Atty. Gen., Robert D. McDonald, Asst. Atty. Gen., for respondent.

## MEMORANDUM OPINION

PER CURIAM.

This is an original proceeding in which Lavon William Austin has petitioned this court for a writ of habeas corpus alleging that his present imprisonment under judgment and sentence from the District Court of Payne County, Oklahoma, Case No. 3075, sentencing him to fifteen years imprisonment for the crime of robbery with firearms is void and illegal due to the denial of due process of law. In support of his petition for writ of habeas corpus Petitioner sets forth two propositions. (1) Petitioner alleges that he requested a separate trial from his co-defendant but that he was denied a fair and impartial and separate trial due to the fact that both his jury and co-defendant's jury were selected from one jury panel. (2) Petitioner alleges that he was denied due process of law in that an extra-judicial identification was introduced into evidence relating to a police lineup identification.

Subsequent to Petitioner's conviction, pursuant to which he is presently incarcerated, an appeal of that conviction was perfected to this court and the judgment and sentence were affirmed. Austin v. State, Okl.Cr.App., 419 P.2d 569 (1966). In that appeal this court dealt with the contention of Petitioner that he was denied a separate trial due to jury selection and found that contention to be without merit. 419 P.2d, at 575–576. This court in affirming Petitioner's conviction also dealt with the question of the extra-judicial identification again raised by Petitioner in the instant petition and found that issue to be without merit. 419 P.2d, at 576–577.

It is not readily apparent whether Petitioner is attempting to secure relief under the recent United States Supreme Court decisions regarding extra-judicial identification without counsel, namely United States v. Wade, 388 U.S. 218, 87 S.Ct. 1926, 18 L.Ed.2d 1149 (1967) and Gilbert v. California, 388 U.S. 263, 87 S.Ct. 1951, 18 L.Ed.2d 1178 (1967). However, even if Petitioner had cited Wade and Gilbert he would be unable to claim relief under these decisions as his trial took place before they were decided. In Stovall v. Denno, 388 U.S. 293, 87 S.Ct. 1967, 18 L.Ed.2d 1199 (June 12, 1967), the United States Supreme Court held:

"We hold that Wade and Gilbert effect only those cases and all future cases which involve confrontations for identification purposes conducted in the absence of counsel after this date."

Petitioner has in effect raised no issues which were not dealt with by this court at the time that his conviction was affirmed on appeal. In Hampton v. Page, Okl.Cr.App., 412 P.2d 202, this court held in the first paragraph of its syllabus as follows:

"Where petitioner has appealed from judgment of conviction, and judgment of conviction has been affirmed, and questions raised in habeas corpus proceeding

were in existence and known to petitioner at time of appeal, and were matters which properly should have been presented by appeal, Court of Criminal Appeals will not issue writ of habeas corpus."

Also in Fletcher v. State, Okl.Cr.App., 385 P.2d 511, this court denied habeas corpus to the Petitioner stating that "his petition alleges only matters which have previously been before this Court on appeal."

■ It is of no value to inmates of the penitentiary to repeatedly raise issues which have been previously submitted and a determination thereon made, as this court will not again evaluate the same issues without a showing of new circumstances. Application of Pettyjohn, Okl.Cr.App., 359 P.2d 739.

For the foregoing reasons this petition for writ of habeas corpus is hereby denied. Writ denied.

This application was assigned to the Referee, Mr. Penn Lerblance, by the Presiding Judge of this Court. The foregoing findings of fact and conclusions of law were submitted by the Referee and approved and adopted by the Court.