Hubert V. BALES, Petitioner,

v.

Ray H. PAGE, Warden, Oklahoma State Penitentiary, Respondent.

No. A–14922.

Court of Criminal Appeals of Oklahoma.
Feb. 19, 1969.

Hubert Vernon Bales, pro se.

G. T. Blankenship, Atty. Gen., Charles Owens, Asst. Atty. Gen., for respondent.

## MEMORANDUM OPINION

### PER CURIAM:

This is an original proceeding in which Hubert Vernon Bales has petitioned this court for a writ of habeas corpus alleging that his present incarceration in the state penitentiary under the authority of the judgment and sentence rendered in the District Court of Tulsa County, Oklahoma, on September 26, 1966, wherein he was sentenced to a term of eleven to thirty-three years for the crime of second degree burglary after ·former conviction of a felony. Petitioner claims that he was denied due process of law and that the judgment and sentence are therefore void and illegal in that at his trial evidence was introduced as to former convictions or arrests of Petitioner and Petitioner's witness, Linda Rogers; that the court refused to admit certain evidence in behalf of Petitioner; and that the rule of exclusion or separation of witnesses was violated.

We find that these issues have been dealt with by this court on a prior occasion. Subsequent to Petitioner's conviction said judgment and sentence was appealed to this court where the judgment was affirmed on July 12, 1967. Bales v. State, Okl.Cr., 429 P.2d 1014. An effort was then made to secure a writ of certiorari by the United States Supreme Court. However, certiorari was denied by the United States Supreme Court. Bales v. Oklahoma, 390 U.S. 966, 88 S.Ct. 1074, 19 L.Ed.2d 1168 (1968).

■. The first two of Petitioner's allegations, that evidence as to a prior arrest of Petitioner and Petitioner's witness, and that the trial court refused certain evidence in behalf of Petitioner, were both raised on appeal and found to be without merit in this court's opinion affirming the conviction of Petitioner. Bales v. State, supra. Indeed, Petitioner states in his petition:

"Petitioner now finds it necessary to return to this Honorable Court with

these same issues, which were presented once before on appeal * * *."

However, no new circumstances or law are cited as justification for reconsideration.

It does the Petitioner no good to raise issues which have been previously determined by this Court. In Hampton v. Page, Okl.Cr., 412 P.2d 202, this court held in the first paragraph of its syllabus as follows:

"Where Petitioner has appealed from judgment of conviction, and judgment of conviction has been affirmed, and questions raised in habeas corpus proceeding were in existence and known to petitioner at time of appeal, and were matters which properly should have been presented by appeal, Court of Criminal Appeals will not issue writ of habeas corpus."

■ The third allegation raised by Petitioner that the rule of separation and exclusion of witnesses was violated was not raised or answered in this court's opinion affirming Petitioner's conviction. However, the rule of this court cited above in Hampton v. Page, supra, is applicable in that this alleged error existed at the time Petitioner appealed his conviction to this court and he failed to raise said issue at that time.

Consequently we find no merit in Petitioner's third allegation in support of his writ of habeas corpus and the same would be true even if this issue would have been raised on appeal under the present facts. In Love v. State, Okl.Cr., 319 P.2d 317 (1957), this court held in the fifth paragraph of its syllabus as follows:

"The exclusion of witnesses for state, at defendant's request, is not an absolute right in all cases, but rests in sound discretion of trial court, and this includes power to except one or more witnesses from operation of rule."

This court has on previous occasions held that it is not an abuse of discretion for the trial court to allow a prosecution witness to remain in the court room after the invocation of the rule of exclusion of wit-

nesses. McKinnon v. State, Okl.Cr., 299 P.2d 535.

Therefore we find that the allegations raised by Petitioner are without merit in support of a writ of habeas corpus. The request for writ of habeas corpus is hereby denied. Writ denied.

This application was assigned to the Referee, Mr. Penn Lerblance, by the Presiding Judge of this Court. The foregoing findings of facts and conclusions of law were submitted by the Referee and approved and adopted by the Court.