**Hubert D. HILL, Petitioner,**

v.

**STATE of Oklahoma, Respondent.**

**No. A–15037.**

Court of Criminal Appeals of Oklahoma.

Feb. 26, 1969.

 

Hubert D. Hill, pro se.

G. T. Blankenship, Atty. Gen., Dale Crowder, Asst. Atty. Gen., for respondent.

## MEMORANDUM OPINION

### PER CURIAM:

This is an original proceeding in which Hubert D. Hill has petitioned this Court for a writ of habeas corpus seeking his release from his present confinement in the State Penitentiary under the authority of judgment and sentence entered in the District Court of Oklahoma County, Oklahoma, Case Nos. 34095, 34094, for which he was sentenced to a ten year term of imprisonment for the crime of grand larceny after former conviction of a felony. In support of Petitioner's application for a writ of habeas corpus he alleges various errors which are concerned with the preliminary proceedings, matters of evidence, and the trial itself. It is to be noted that Petitioner is not seeking an appeal out of time nor does he allege that he had been denied any right relating to his right to appeal his conviction.

Subsequent to Petitioner's conviction herein an appeal of the judgment and sentence was perfected to this court as Case No. A–14,738 in which the judgment and sentence was affirmed with the mandate issued after the second petition for rehearing was denied on September 11, 1968. Hill v. State, Okl.Cr., 444 P.2d 223 (1968).

In Hampton v. Page, Okl.Cr., 412 P.2d 202 (1966), this court held:

"Where petitioner has appealed from judgment of conviction, and judgment of conviction has been affirmed, and questions raised in habeas corpus proceeding were in existence and known to petitioner at time of appeal, and were matters which properly should have been presented by appeal, Court of Criminal Appeals will not issue writ of habeas corpus." 412 P.2d, at 203.

In the instant case Petitioner seeks to support his application for habeas corpus by alleging errors concerning the preliminary proceedings and the trial which were in existence at the time his appeal was perfected to this court, and were matters which properly should have been presented on appeal. Petitioner has alleged nothing further which would justify this court in considering these issues anew in the instant habeas corpus proceeding. Accordingly, we conclude that the petition for writ of habeas corpus should be, and the same is hereby, denied. Writ denied.

This application was assigned to the Referee, Mr. PENN LERBLANCE, by the Presiding Judge of this Court. The foregoing findings of facts and conclusions of law were submitted by the Referee and approved and adopted by the Court.