

Don Anderson, Public Defender, Oklahoma County, for petitioner.

G. T. Blankenship, Atty. Gen., for respondent.

## MEMORANDUM OPINION ON ATTORNEY GENERAL'S APPLICATION FOR RE-CONSIDERATION

NIX, Judge.

This is an original proceeding for a writ of habeas corpus by the petitioner, pro se, attacking his convictions in the District Court of Oklahoma County in Case No's. 34,094 and 34,095. Initially, relief was Denied by this Court on February 26, 1969. Hill v. State, Okl.Cr., 451 P.2d 398. However, on application by the Attorney General, this Court ordered re-consideration on February 25, 1970, and directed the district court to conduct a hearing on the issues raised by the petitioner.

The evidentiary hearing was conducted on August 20, 1970, with petitioner present and represented by court-appointed counsel. The petitioner raised the issues of improper line-up, improper police interrogation, improperly enhancing the punishment under the habitual criminal statute, prejudicial

pre-trial publicity, and insufficient evidence to sustain a conviction.

In Oklahoma County Case No. 34,095, the petitioner was charged with Grand Larceny, After Former Conviction of a Felony. He was tried before a jury while represented by counsel, Mr. Ralph Samara. The jury found the defendant guilty as charged and assessed his punishment at ten years imprisonment. Judgment and sentence was imposed on May 3, 1968, with a motion for a new trial overruled and notice of appeal given.

In Oklahoma County Case No. 34,094, petitioner was charged with Grand Larceny, After Former Conviction of a Felony. He was tried before a jury while represented by counsel, Mr. Archibald Hill. The jury found the defendant guilty as charged and assessed his punishment at ten years imprisonment. Judgment and sentence was imposed on October 7, 1968, with motion for new trial and notice of appeal given.

At the request of this Court, the district court made the following findings on the basis of the evidence at the evidentiary hearing:

"1. His arrest was not illegal nor was an improper 'lineup' shown in this evidence at this hearing.

2. He was not interrogated by the police in violation of Miranda. No evidence at this hearing sustains this contention.

3. His punishment was not enhanced improperly under the habitual criminal statute (S.L.1963, C. 283, pg. 403, Sec. 1) then in force.

4. There was no illegal publicity shown."

After reviewing the transcript of the evidentiary hearing, we conclude that the findings of the district court are supported by the evidence and adopt the same.

In view of the findings herein and the evidence, we conclude that the petitioner has failed to show any basis for the granting of relief. Accordingly, the petition for writ of habeas corpus on the Attorney General's Application for Re-Consideration is hereby denied.

BUSSEY, P. J., and BRETT, J., concur.